RODNEY HERRING *v.* NYE MORTON

5-5246                                         453 S. W. 2d 400

Opinion delivered May 11, 1970

*John Wilson,* for appellant.

*Anderson & Crumpler,* for appellee.

CONLEY BYRD, Justice. Appellant Rodney Herring as the surety on an appearance bond in a child custody proceeding appeals from an order of the court forfeiting the bond and directing its payment to appellee Nye Morton, Jr. For reversal of the trial court's order he contends that the trial court erred in continuing the bond and in ordering a forfeiture and that if the bond should be upheld the proceeds should be paid to Hempstead County and not to the appellee Nye Morton, Jr.

The record shows that appellant's daughter, Linda Herring Morton, now Linda Morton Dillion was divorced from appellee on April 19, 1968. While not exactly clear it appears that subsequent to that time and before July 3, 1968, appellant's daughter and her present husband Jim Dillion were going back to Houston to live. When appellee filed a petition for modification of child custody, some apprehension arose as to whether Linda Morton Dillion and the minor child would appear on the date set. To secure this appearance the following bond was executed:

"Linda Herring Morton, having been awarded custody of Gregory Morton by Decree of this Court on April 19, 1968, hereby enters into bond assuring

her presence and the presence of said child before this Court upon the date to be set by said Court for hearing the Petition for Modification of Child Custody, filed herein by Nye Morton, Jr.

Now, we, Linda Herring Morton, James A. Dillion and Rodney Herring, hereby undertake that the above named Linda Herring Morton and Gregory Morton shall appear in the Chancery Court of Hempstead County, Arkansas, Second Division, on the date and the time set by said Court for the hearing of the Petition for Modification of Child Custody, filed herein by Nye Morton, Jr., to answer same, and shall, at all times render herself amenable to the order and process of said Court and if convenient, shall render herself in execution thereof, or if she fails to perform either of these conditions, that we will pay Hempstead County, Arkansas, the sum of FIVE HUNDRED DOLLARS ($500.00.)"

Appellant testified that he together with his daughter and minor child attended the hearing on July 3, 1968. While he was in the courtroom the trial court stated that he would leave the bond in effect. At this time appellant remonstrated to his daughter and her counsel but made no objections to the trial court.

On July 8, 1969, appellee filed a motion to hold Linda Herring Dillion in contempt of court and to modify the existing custody provisions. When the matter came on for trial on Sept. 5, 1969, appellant's daughter did not appear either in person or by counsel. The court thereafter communicated with her counsel of record and reset the matter for Sept. 19, 1969. Before that date counsel of record for appellant's daughter notified the court that he had been instructed not to appear and requested permission to withdraw as counsel.

The right of courts to require security for the production of children in court, in domestic relations cases, has been recognized by this court, *Thompson* v.

*Thompson,* 213 A.'k. 595, 212 S. W. 2d 8 (1948), and the courts of a number of other jurisdictions. See 24 Am. Jur. 2d, *Divorce & Separation,* § 782.

As we construe the bond entered into here it guaranteed not only the appearance of Linda Herring Morton before the court upon the date set for hearing the petition for modification but it also held her amenable to the order and processes of the court at all times. Consequently we find no merit in appellant's contention that he had discharged his obligation when he assured their appearance on the date set for the petition of the modification.

Appellant's second point that the bond proceeds should be paid to Hempstead County rather than to the appellee Nye Morton, Jr., seems to be a case of first impression. Neither party has cited any authority nor has the court been able to find any authority relative to the disposition of the proceeds of such bonds upon a forfeiture. However, since the purpose of such bonds is to insure compliance with the orders of the court and to give some security to the parties litigant, it appears to us that perhaps a better procedure would be to require the proceeds of the forfeited bond to be paid into the registry of the court for the use and benefit of the parties litigant in enforcing the decree of the court in any jurisdiction where the minor child may be found. While this procedure may cause additional work on the part of the trial court and tis clerks in policing withdrawals from the funds, it has the salutary affect of permitting the surety to protect himself to some extent by encouraging the principal to purge herself of the contempt and thus obtain a refund or partial refund of the amount of the bond. To this extent the order of the trial court should be modified.

Affirmed as modified.