SANDERS, Justice.
We granted supervisory writs to review the trial judge’s instanter rescission of an order waiving the prepayment of court costs by defendant because of poverty. We hold that the trial judge erred in rescinding the order without an evidentiary hearing and remand the case for further proceedings.
On November 5, 1971, City Stores Company filed suit against Quimet J. Petersen on an open account for merchandise. Pursuant to LSA-C.C.P. Article 5183, the defendant filed a motion for leave to proceed without the prepayment of costs. The motion was supported by the required affidavits. The trial judge granted a temporary order but assigned the matter for hearing. After the evidentiary hearing, the court reconfirmed its initial order.
Six weeks later, at a hearing relating to pre-trial discovery and a trial continuance, defense counsel stated to the court that “any dislosure of the amount and whereabouts of his [defendant’s] assets may tend to incriminate him” in connection with a federal indictment pending against him. After a colloquy between the trial judge and counsel, during which counsel expressed doubt of his ability to contact his client, the judge rescinded the previous forma pauperis order instanter in accordance with the following written order:
“IT IS FURTHER ORDERED that considering and upon the statements made in open court by the counsel for the defendant, that the order of this Court heretofore rendered permitting the defendant to proceed in this matter in forma pauperis is herewith recalled and rescinded and the defendant is ordered to pay the costs of court within thirty (30) days or have his Answers filed in this cause stricken., all without denying defendant’s right to bring a further rule to have the defendant prove his right to proceed by way of forma pauperis.”
On application of defendant under our supervisory jurisdiction, we granted writs to determine the validity of the instanter rescission of the forma pauperis order. City Stores Co. v. Petersen, 261 La. 537, 260 So.2d 321.
In this Court, defendant contends that when a forma pauperis order has been en *582 tered after a contradictory hearing, it cannot be rescinded summarily by the trial court without evidence of a change in financial condition. Defendant further contends that the Due Process and the Equal Protection Clauses of the Fourteenth Amendment preclude the State of Louisiana from exacting costs in advance of judgment in a civil proceeding from any defendant, rich or poor.
City Stores phrases its opposition in various ways, but the central contention is that the forma pauperis order is an interlocutory order subject to recall by the trial judge at any time; that defense counsel’s statement was an adequate basis for reexamination of the order; and that since relator has never been finally ordered to pay the costs, he has no standing to raise the constitutional question.
Article 5182 of the Louisiana Code of Civil Procedure provides:
“The privilege granted by this Chapter shall be restricted to litigants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation. of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto.”
Under this article, the trial judge has both the authority and duty to subject forma pauperis orders to continuing scrutiny to prevent abuse. A trial judge may, therefore, reconsider a poverty determination whenever he has cause to believe either that circumstances have changed or that the order was improvidently granted.[1] Like all judicial authority, however, it must be exercised in accordance with established procedures. These procedures require an evidentiary hearing when rescission depends upon contested factual issues. See LSA-C.C.P. Art. 5184.
In the present case, defense counsel made only a general reference to assets. His statement contained no factual admission sufficient to disqualify the defendant for the prior cost waiver. It was sufficient, however, to warrant a further hearing as to defendant’s poverty, but no such hearing was ordered. Hence, the order of the trial judge rescinding the forma pauperis authorization without a hearing must *584 be set aside and the case remanded for further proceedings.
Because of this conclusion, we do not reach the constitutional question posed in defendant’s brief.[2]
For the reasons assigned, the order of the district court rescinding the forma pauperis order is now reversed and set aside and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed and according to law. The assessment of costs shall await the final outcome of the suit.

. The appellate decisions prior to the Louisiana Code of Civil Procedure are conflicting on this point. In Palmer v. Wyatt Lumber Co., La.App., 146 So. 494 (1933), the Second Circuit Court of Appeal stated: “It is always within the power of the trial judge with or without a traverse of plaintiffs’ allegations of poverty, to prevent any abuse of this act ...” In dicta, the Fourth Circuit in Singleton v. First Nat. Life Ins. Co., La.App., 157 So. 620 (1934) said that the allegation of poverty must be taken as true in the absence of a formal traverse.

. Aa to the constitutional question, defendant states in brief: “This issue need be reached . . . only if each of the arguments presented above are resolved unfavorably to relator.” In effect, therefore, it represents an alternative contention.