307 So.2d 758 (1975)
John Hilton ROY, Plaintiff-Relator,
v.
GULF STATES UTILITIES COMPANY, Defendant-Respondent.
No. 4905.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
*759 Young & Burson by I. J. Burson, Jr., Eunice, for plaintiff-relator.
Bailey & Hollier by W. C. Hollier, Davidson, Meaux, Onebane & Donohoe by L. Lane Roy, Lafayette, for defendant-respondent.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
We granted a writ of certiorari to review an order of the trial court, issued on October 31, 1974, which denies plaintiff the right to litigate this suit in forma pauperis.
This is an action for damages for personal injuries sustained by plaintiff, John Hilton Roy, on April 7, 1971. Plaintiff asked for trial by jury. Gulf States Utilities Company was the sole defendant at the time the order complained of was issued, although other defendants were impleaded later. The suit was filed on January 4, 1972, and on that date an order was signed by the Clerk of Court authorizing plaintiff to litigate the action without the payment of costs of court in advance or as they accrue, and without furnishing security therefor.
Gulf Insurance Company, the workmen's compensation insurer of plaintiff's employer, intervened demanding reimbursement out of any award made to plaintiff of the amounts it has paid as compensation benefits and medical expenses. It alleges that it has paid benefits of $49.00 per week since the accident, and the additional sum of $25,000.00 as medical bills. Gulf Insurance Company furnished a bond in the amount of $2,000.00 to cover the additional costs of trial by jury.
H. R. Cain, plaintiff's employer, also intervened alleging that he paid $1,390.00 as medical expenses in addition to those paid by the insurer for the treatment of Roy's injuries. He demands that he be reimbursed that amount out of any sum awarded to plaintiff.
The case was scheduled for trial on October 31, 1974. A pretrial conference was held that morning in which the trial judge interrogated plaintiff as to his ability to pay court costs. Shortly after court convened that day, the trial judge directed counsel for defendant to make a motion to *760 rescind the earlier order issued by the Clerk of Court authorizing plaintiff to proceed in forma pauperis. Counsel for defendant thereupon made an oral motion in open court to that effect, and a hearing was held immediately thereafter as to plaintiff's ability to pay the costs as they accrue or to furnish security for such costs. Following that hearing, the trial judge ordered that the earlier order signed by the Clerk of Court be recalled, and that the fixing of the case for trial on that date be set aside. The minutes of the court for October 31, 1974, relating to this case, read "Case is set aside and motion for Forma Pauperis is recalled." We granted plaintiff's application for writs to review the last mentioned order of the trial court.
The evidence introduced at the hearing shows that plaintiff is 33 years of age. He has an eighth grade education, and he is the sole source of support for his family, consisting of his wife and four daughters, ranging in ages from 10 to 15 years. He has been unable to work since April 7, 1971, the date of the accident, and his only income since that time has been workmen's compensation benefits of $49.00 per week, and Social Security Disability payments of $239.00 per month. His income from those sources amounts to the aggregate sum of about $435.10 per month.
Roy is eligible for food stamps, and each month he purchases $204.00 worth of those stamps for $133.00 It costs him an average of about $50.00 per month more than he pays for food stamps to feed himself and his family. He pays $40.00 per month as rent, and from $30.00 to $35.00 per month as utility bills. He owns no real property, and he has no cash or securities, no bank account, no furniture, and no other assets of any kind, except a 1967 model Ford automobile.
Plaintiff has required extensive medical treatment for his injuries. The workmen's compensation insurer has paid $25,000.00 as medical bills for the treatment of those injuries, that being the maximum limits of its policy. Roy's employer has paid the additional sum of $1,390.00 for medical treatment, and plaintiff now owes other medical bills amounting to at least $840.56, for which there is no insurance coverage. A judgment has been rendered against him for some of those medical expenses. Plaintiff also owes the Basile State Bank from $1,500.00 to $2,000.00 on a promissory note. He borrowed that amount to provide for his family between the date of the accident and the time he qualified for Social Security Disability benefits.
The evidence indicates that about 30 witnesses will be subpoenaed for the trial, and that the trial will probably last two days. The clerk estimates that the court costs will amount to about $1,500.00.
Article 5182 of the Louisiana Code of Civil Procedure provides:
"The privilege granted by this Chapter shall be restricted to litigants who are clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the fomentation of litigation by an indiscriminate resort thereto may be discouraged, without depriving a litigant of its benefits if he is entitled thereto."
We have held that the statutes authorizing the litigation of certain cases in forma pauperis (LSA-C.C.P. arts. 5181 et seq.) should be interpreted liberally in favor of giving indigent persons their day in court. Hollins v. Moore, 220 So.2d 103 (La.App. 3 Cir. 1969); Hollier v. Broussard, 220 So.2d 175 (La.App. 3 Cir. 1969). The legislative intent, we believe, was for that privilege to be restricted to those who are clearly entitled to it so that the statute will not be abused, but that a liberal construction should be applied in close or questionable cases to make sure that a litigant who is entitled to such a privilege is not deprived of it.
Applying these rules to the facts in the instant suit, and considering plaintiff's income, the dependents he has and the debts he owes, we conclude that he is not *761 able financially to pay the court costs in advance or as they accrue, and that he is not able to furnish security for such costs. The trial judge erred, therefore, in rejecting his demand that he be allowed to litigate the case in forma pauperis.
Defendant contends, however, that the original order issued on January 4, 1972, authorizing plaintiff to proceed in forma pauperis, is radically null and void because it was not accompanied by the two affidavits required by LSA-C.C.P. art. 5183. It argues that the court thus was without jurisdiction to entertain plaintiff's application for permission to litigate without advance or current payment of costs. It argues also that since the original order was null and void, "it cannot be made whole" by the later filing of affidavits required by Article 5183 of the Code of Civil Procedure.
The record shows that plaintiff prayed in his original petition that he be permitted to file this suit in forma pauperis. Attached to that petition was an affidavit signed by plaintiff, reciting that he is unable because of his poverty, to pay costs, but he failed to annex to that petition the affidavit of a third person to that effect, as required by LSA-C.C.P. art. 5183. The Clerk of Court nevertheless signed an order permitting plaintiff to litigate that action in forma pauperis.
On October 10, 1974, more than two years after the original petition was filed and about three weeks before it was scheduled for trial, plaintiff filed an affidavit signed by his brother, Ernest Roy, reciting that the affiant knows plaintiff's financial condition, and believes that he is unable to pay the court costs in advance or as they accrue, or to furnish security therefor. When the hearing was held on October 31, 1974, therefore, plaintiff's application for permission to litigate in forma pauperis was accompanied by the two supporting affidavits required by LSA-C.C.P. art. 5183.
We do not agree with defendant that the order signed by the Clerk of Court on January 4, 1972, was radically null and void. We think it was a relative nullity, and that it could be ratified or confirmed by the trial court after the required affidavits were supplied. In our opinion, the issue before the trial court on October 31, 1974, was whether or not that original order should be recalled or confirmed. The evidence convinces us that it should have been confirmed, and that plaintiff should have been permitted to litigate the case in forma pauperis.
The trial court has the authority and the duty to subject forma pauperis orders to continuing scrutiny to prevent abuse. In the instant suit the trial judge had authority to reconsider the poverty determination made originally on January 4, 1972, the only requirement being that there be an evidentiary hearing when the rescission depends upon contested factual issues. See City Stores Company v. Petersen, 263 La. 577, 268 So.2d 662 (1972). An evidentiary hearing was held in this case, and following that hearing the trial judge determined that the original order should be recalled. We find no error in the procedure followed by the trial court, but we have concluded that he erred in recalling, rather than confirming, the prior order.
Since we have concluded that the case may be litigated in forma pauperis, it is unnecessary for us to consider the additional grounds urged by plaintiff for that relief.
For the reasons assigned, we reverse the order of the trial court complained of in this writ, issued on October 31, 1974, and we hereby order that plaintiff be permitted to litigate, or to continue the litigation of, this action without paying the costs in advance, or as they accrue, or furnishing security therefor. The case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of the proceedings in this court are assessed to defendant-respondent.
Reversed and remanded.