WATSON, Judge.
MOTION TO DISMISS AND/OR MOTION TO REMAND
The defendant-appellee, Melton Truck Lines, moves to dismiss the unlodged appeal of the plaintiffs-appellants, Dudley Rollins and Doris Rollins, on the grounds that the plaintiffs’ appeal was not perfected in accord with LSA-C.C.P. art. 5183. In the alternative, the defendant-appellee moves to have the plaintiffs’ appeal remanded to the trial court so that he can traverse the plaintiffs’ right to proceed with his appeal in forma pauperis. No opposition has been filed.
The pertinent facts are as follows: the plaintiffs timely moved for and were granted an appeal to this court in forma pauper-is. However, the plaintiffs failed to attach to their motion for an appeal in forma pauperis the affidavit of a third person stating that, “he knows the applicant, knows his financial condition, and believes that he is unable to pay the cost of court in advance, or as they accrue, or to furnish security therefor,” as required by LSA-C. C.P. art. 5183. .
The defendant argues that because the plaintiffs failed to affix the affidavit of a third party, as required by art. 5183, the plaintiffs have failed to perfect their appeal, and hence their appeal should be dismissed. We disagree.
This court has held on several occasions that the statutes authorizing the litigation of certain cases in forma pauperis (LSA-C. C.P. arts. 5181, et seq.) should be interpreted liberally in favor of giving indigent persons their day in court. Roy v. Gulf States Utilities Co., 307 So.2d 758 (La.App. 3rd Cir. 1975), and cases cited therein. The Roy case holds that the plaintiffs’ failure to affix the proper affidavit constitutes a relative nullity, which can be ratified or confirmed by the trial court after the required affidavit is supplied.
Therefore, in the interest of justice, the appeal is remanded, and the plaintiffs are given ten (10) days from the receipt of this judgment in which to file with the trial court the proper affidavit, or suffer the dismissal of their appeal.
e agree, however, that defendant should be afforded an opportunity to contest the right of the plaintiffs to proceed in forma pauperis, and therefore, this appeal is also being remanded to afford the defendant the right to traverse the plaintiffs’ affidavit of poverty. The defendant is hereby given seven (7) days from the date that the plaintiffs file their affidavit in which to file a Motion to Traverse with the trial court.
For the reasons assigned the plaintiffs’ appeal is hereby remanded.
APPEAL REMANDED.