463 So.2d 78 (1985)
Maxine Marie BAUDOIN, Plaintiff-Appellee,
v.
Kenward James HEBERT, Defendant-Appellant.
No. 84-92.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Donald Landry, Lafayette, for defendant-appellant.
*79 Theall & Fontana, Anthony Fontana, Jr., Abbeville, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KING, JJ.
STOKER, Judge.
This is an appeal in a child custody action. Maxine Baudoin, mother of the child, Cory Hebert, filed suit against the father, Kenward Hebert, for sole custody of the child. The court awarded joint custody, ordered that the child not be removed from the jurisdiction of the court without its approval, and ordered that the father give a property bond to assure his compliance with the judgment. The father appeals, contending the court abused its discretion in awarding custody to the mother for a much greater percentage of time than to the father, and that the court erred in ordering that his property be posted as security.
At the time the mother filed her petition for sole custody, there was in effect a judgment signed November 7, 1979, granting each parent custody for six months of each year with reasonable rights of visitation. Maxine had never had custody of Cory for a six-month period. Cory lived primarily with his father and would visit his mother overnight or for several days at a time. The father presented a plan seeking to continue that arrangement. He later submitted another plan calling for the parents to have Cory for alternating sevenday periods.
The judgment of the trial court granting joint custody orders that Maxine have physical custody during the school year and Kenward have physical custody during the summer months. The non-custodial parent is granted visitation rights on the second and fourth weekend of every month. The child will spend holidays alternately with each parent. Each parent shall be a party to all decisions affecting the health, education and welfare of the child.
We do not believe the trial judge abused his discretion. The court in Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983) stated:
"We interpret `joint custody' to mean a physical sharing of the child in addition to both parents participating in decisions affecting the child's life  e.g., education, medical problems, recreation, etc. It's obvious no plan, with or without ironclad guidelines, could possibly resolve the infinite number of conflicts which can and will arise between divorced parents in their quest to share their child's life. It's a fact of life that when parents battle over their children, judges are cast as ad hoc parents. But the legal bottom line remains the same  our only concern is the best interest of the child.
* * * * * *
"We don't interpret joint custody to mean a fifty-fifty sharing of time. Each case will depend on the child's age, the parents' availability and desires, and other factors."
Here each parent has physical custody of the child for a portion of the year, although there is not a fifty-fifty sharing of time. Giving one parent custody for the entire school year is not an abuse of discretion and has been upheld as a valid joint custody plan. Plemer v. Plemer, supra; Krotoski v. Krotoski, 454 So.2d 374 (La. App. 4th Cir.1984). In addition, the principal of the school Cory attends testified she would question having the child change homes during the school year.
To modify a joint custody order it must be shown that the best interest of the child requires modification of the order. LSA-C.C. art. 146(E). Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972). The trial court, in its minute entry of September 29, 1983, indicated it used the standard of the best interest of the child in deciding custody. Appellant has not shown that the trial court erred in its disposition of the case or abused its discretion. We will not disturb its decision on custody.
*80 The second issue is whether the trial court had authority to order that Kenward Hebert's property be posted as security for his performance of the trial court's judgment. The judgment states:
"IT IS FURTHER ORDERED, ADJUDGED AN DECREED that neither party shall remove the minor child, CORY HEBERT, from the jurisdiction of this court without prior court approval. Failure to abide by this order will be considered contempt of court.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following described property of KENWOOD JAMES HEBERT is hereby received by this court in favor of MAXINE MARIE BAUDOIN, as security for KENWARD JAMES HEBERT'S faithful compliance with all of the terms of this judgment and that in the event of his failure to comply with the terms of said judgment, said property may be seized and sold by the Vermilion Parish Sheriff and the proceeds realized from said sale shall belong to MAXINE MARIE BAUDOIN:"
(Description omitted)
The primary purpose of this order was to assure that the child not be removed from the state. The father had removed the child to California at one time.
We have found no authority for a court to require the posting of security to assure compliance with a custody judgment, and no authority has been cited to us. Nevertheless, we hold that the court in this case was authorized to impose such a protective order under Art. 191 of the Code of Civil Procedure. The article provides:
"A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law."
We think it is settled that the power of a court to enforce its lawful orders is inherent. While we rely on our own codal authority just referred to, we note that the application of that authority which we make is in line with the practice in other states.
The matter of requiring security in custody cases is stated as follows in American Jurisprudence, Second Edition under the heading of "Divorce and Separation," in Section 973, 24 Am.Jur. 959:
"Frequently, in divorce cases where the custody of children is awarded to one parent, he or she is required to give security not to remove them from the state. Or, if the court permits the removal of a child from the jurisdiction, it may require the custodian to execute a bond conditioned upon a return of the child to the jurisdiction in accordance with the orders of the court.
"The question whether such security shall be exacted lies within the discretion of the trial court. The court may refuse to require security if there is nothing to show that it is necessary. If, on the other hand, there is a fair suspicion of real danger that the custodian of a child may remove it from the state or from the jurisdiction of the court, the court may require a reasonable security to insure against such removal. Moreover, the court, when awarding custody to a mother who plans to live with her parents in another jurisdiction, may require her to furnish a bond conditioned that she will not attempt to modify the order in a court outside the divorce state, this being a device to secure the return of the child; and the court is warranted in exacting such a bond where the mother is an emotionally immature, obstinate woman who has taken the child out of the state at least once without the knowledge or consent of the father.
"The court may require that a person who has the right of visitation shall post a bond for the return of the child to the possession of the custodian promptly at the end of any visitation, and the discretionary power to exact such a bond is properly exercised where the one having visitation rights has twice removed the child from the jurisdiction surreptitiously." (Footnotes omitted.)
See also 15 A.L.R.2d 470, Sec. 12; 88 A.L.R.2d 208, Sec. 17[a]. Cf. Sanders v. *81 Sanders, 1 Ark.App. 216, 615 S.W.2d 375 (1981); Langley v. Denton, 263 Ark. 904, 568 S.W.2d 19 (1978), and Herring v. Morton, 248 Ark. 718, 453 S.W.2d 400 (1970).
As we consider the matter of requiring the giving of security by appellant to be within the discretion of the trial court and finding no abuse of this discretion, we affirm the action of the trial court in this regard.
Accordingly, the judgment of the trial court is affirmed. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.
DOMENGEAUX, J., concurs.