LABORDE, Judge.
In this case, the trial judge modified an award to Rosemary H. Spence for alimony and child support of $150 per month and $450 per month, respectively. The trial judge increased the child support payments to $650 per month, but he did not disturb the previously adjudged alimony award. Rosemary H. Spence appeals and contends that the trial judge erred by failing to increase the aggregate amount of alimony and child support to $1,500 per month. Ms. Spence also contends that the trial court erred in assessing the costs of the transcription of evidence ($213.00) to her, the successful litigant who filed these proceedings in forma pauperis. We affirm in part and reverse in part.
FACTS
A judgment of divorce was granted between Mr. and Ms. Spence on December 23, 1977. The judgment ordered that Ms. Spence be granted custody of the five minor children of the marriage and that Mr. Spence pay child support of $450 per month and alimony of $150 per month. Since this judgment, the circumstances of both parties have changed.
In 1977, Mr. Spence earned approximately $27,000. His occupation, related to the offshore oil industry, involves the servicing of drilling rigs and platforms. Within the next few years, Mr. Spence’s income rose proportionately with the boom in the oil industry in Louisiana and, in 1982, his income reached a high of approximately $62,-000.
*157 During those years, Mr. Spence voluntarily increased his burden for support of his children. He increased the payments made to Ms. Spence by $100 per month, he obtained custody of his oldest child, Robert, and he occasionally gave Ms. Spence extra money to help pay the bills. The result was that Ms. Spence received $550 per month for the support of four children rather than $450 per month for the support of five children.
By December 23, 1983, the oil industry was in deep decline and Mr. Spence’s income for the year dropped to approximately $26,000. His son, Robert, reached majority and left Mr. Spence’s home to support himself. However, by this time Mr. Spence was remarried and was obligated to support a second wife and two more children. Due to his increased obligations and his drop in income, Mr. Spence reduced his child support payments to Ms. Spence to $450 per month (the amount required by the support decree). In addition to the child support payments, Ms. Spence always received her alimony payments of $150 per month.
In 1977, Ms. Spence was unable to work because of a medical disability. Her income consisted of alimony, child support, and public welfare payments.
Since 1977, one of her children, namely Robert, has been removed from her custody. However, the inflation over 6 years and the increasing age of the four remaining children (ages 7, 9, 10 and 12) have increased the costs of their necessaries. At the time of the hearing, Ms. Spence remained totally disabled and unable to work.
MODIFICATION OF ALIMONY AND CHILD SUPPORT AWARD
Based on the testimony and evidence presented at trial, the trial judge concluded that, in the future, Mr. Spence can expect to gross $36,000 per year. He also found that Ms. Spence and the four children were in need of considerably more than the $600 per month then being paid as alimony and child support.
In this case, Mr. Spence’s increase in income resulted in an increase in his ability to pay alimony and child support. However, the trial judge found that the increase in his ability to pay did not equal the corresponding increase in the needs of Ms. Spence and their children. Therefore, the trial judge granted an increase in the monthly payments which, admittedly, was insufficient to meet their needs.
The amount of alimony and child support is calculated according to the needs of those claiming support as well as the circumstances of those obligated to pay it. La.Civil Code arts. 160, 227 and 232. In this case, the trial judge found that although Mr. Spence was able to pay more for the support of the claimants, his economic circumstances would not permit an increase to cover their needs fully.
In domestic litigation, the factual findings of the trial judge are to be accorded very substantial weight on review. Pearce v. Pearce, 348 So.2d 75, 78 (La.1977). After careful review of the record, we are unable to say that the trial judge abused his discretion.
The trial judge awarded Ms. Spence an increase in child support of $200 per month, but denied an increase in alimony payments. In fixing the amount of support, the trial judge is also vested with considerable discretion. Id. at 78. In the instant case, we are unable to say the trial judge abused his discretion by his modification decree.
As noted by the trial judge, the factual conclusions made by the court are based on reasonable speculations of future circumstances. If the actual circumstances of either party prove to be better or worse than those concluded by the court, a Rule to Show Cause may be filed to request a modification of the alimony and child support payments.
COURT COSTS
In his judgment, the trial judge taxed Mr. Spence with all the court costs except *158 for the transcription of evidence, which was taxed to Ms. Spence.
Ms. Spence was granted the right to proceed in forma pauperis for this litigation and the judgment was rendered in her favor. Under these circumstances, Mr. Spence, as the party against whom the judgment was rendered, shall be condemned to pay all costs due. La.C.C.P. art. 5186; LSA-R.S. 13:961 F.(2) and (3) and LSA-R.S. 13:971 C.(l)(c).
DECREE
For the above stated reasons, the judgment of the trial court is affirmed, except the part taxing Ms. Spence with the costs of the transcription of evidence ($213.00) is reversed.
All costs of the trial court and this appeal are taxed to the appellee, Mr. Spence.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.