PRESTON H. HUFFT, Judge Pro Tem.
Plaintiff appeals from the district court’s ruling rescinding its previous order which had allowed plaintiff to proceed in forma pauperis.
The district court’s original order permitted plaintiff to proceed in forma pauperis based on plaintiff's affidavit of poverty wherein she asserted that her total income was limited to child support payments of $150.00 per month.
Both parties assert in brief that at the time of the hearing on defendant-appellee’s rule to traverse, plaintiff-appellant was receiving an income of approximately $425.00 per month. This amount included social security disability payments as well as child support payments.
The statutory privilege of proceeding in forma pauperis should be interpreted liberally in favor of giving indigent persons their day in court. La.C.Civ.P. Art. 5181; Benjamin v. National Supermarkets, Inc., 351 So.2d 138 (La.1977). In determining whether to grant the privilege to proceed in forma pauperis, courts often balance between the amount of anticipated court costs and the amount of income and living expenses of the litigant. Hollier v. Broussard, 220 So.2d 175 (La.App. 3rd Cir.1969).
In the instant case, we feel that the trial court erred in finding that appellant’s alleged monthly income of $425.00 was sufficient to cover her cost of living expenses as well as the cost of litigating her claim in the courts. Plaintiff-appellant should not be deprived of her right to have her claim adjudicated simply because of her financial inability to pay. City Stores Company v. Petersen, 263 La. 577, 268 So.2d 662 (1972).
Accordingly, we reverse the judgment of the trial court denying plaintiff the right to proceed in forma pauperis, and we reinstate the Court’s original order granting such a right.
REVERSED.