WRIT GRANTED AND MADE PEREMPTORY.
Under the scheme of CCP Arts. 5181-5188, an indigent litigant who is granted the privilege of proceeding in forma pau-peris is relieved of paying court costs in advance or as they accrue or furnishing security therefor. Art. 5181 A; Benjamin v. National Super Markets, Inc., 351 So.2d 138 (La.1977).
A court may subject the indigent litigant to continuous scrutiny to prevent abuse of the privilege. City Stores, Inc. v. Peterson, 263 La. 577, 268 So.2d 662 (1972). An indigent litigant may be held liable for costs if the judgment is rendered and assesses costs against the indigent litigant. If the judgment is in favor of the indigent litigant, the adverse litigant shall be con *609 demned to pay all costs and the indigent litigant may not be assessed costs. Spence v. Spence, 465 So.2d 155 (La.App. 3d Cir.1985).
Except as provided in ¶ B of Art. 5181, an indigent litigant may proceed without paying costs in advance or as they accrue or furnishing security therefor. The IIB exception contemplates that only a person who is imprisoned for the commission of a felony may be required to pay reduced costs under statutory financial guidelines. See also Art. 5181 C.
The adverse litigant in the pending action was personally served and was assessed with costs in the judgment that granted the indigent litigant-applicant a preliminary injunction. Other costs should be assessed in the judgment on the merits as Art. 5186 contemplates.
We recognize that a court has inherent authority to control its proceedings by monitoring litigants and costs. CCP Art. 191. See Baudoin v. Hebert, 463 So.2d 78 (La.App. 3d Cir.1985). The authority of a court to require an indigent litigant proceeding in forma pauperis to make periodical nominal deposits to defray costs, however, is limited by guidelines of Art. 5181 to those litigants who are imprisoned for the commission of a felony.
A litigant such as the applicant who has been granted the privilege of proceeding in forma pauperis is statutorily relieved of paying court costs either in advance or as they accrue or furnishing security therefor. Art. 5181 A.
We therefore reverse the trial court’s ruling that requires applicant to pay to the clerk of the trial court “$10 per month ... until costs are paid in full.”
REVERSED AND REMANDED.