787 So.2d 600 (2001)
Amanda Bush HOLLOWAY
v.
Travis Dustin HOLLOWAY.
No. 2001-0273.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
James Darren Stewart, Kisatchie Legal Services Corporation, Jonesville, LA, Counsel for Amanda Bush Holloway.
Travis Dustin Holloway, In Proper Person, Vidalia, LA.
Court composed of OSWALD A. DECUIR, MARC T. AMY and GLENN B. GREMILLION, Judges.
AMY, Judge.
In a judgment for divorce, the trial court ordered the indigent plaintiff, who was proceeding in forma pauperis, to pay one-third of all court costs. The plaintiff appeals this portion of the judgment. For the following reasons we reverse and render.

FACTS
On October 10, 2000, Amanda Bush Holloway, filed a petition for divorce from her husband Travis D. Holloway. Subsequently, the trial court granted Ms. Holloway the privilege of pursuing her claim in forma pauperis after she presented sufficient evidence of her indigent status. The judgment of divorce was rendered on January 4, 2001. In the judgment, the trial court ordered Ms. Holloway to pay one-third of all court courts. Ms. Holloway appeals this portion of the judgment.

Discussion of the Merits
When an individual is unable to pay the costs of court because of poverty or lack of means, he or she may be granted the privilege to litigate a judicial proceeding in any trial or appellate court without paying the costs in advance. La.Code Civ.P. art. 5181. When a person has been granted such privilege, La.Code Civ.P. art. 5186 states:
An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs, by the public officers to whom these costs would be payable. If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs due such officers, who have a privilege on *601 the judgment superior to the rights of the indigent party or his attorney. If judgment is rendered against the indigent plaintiff and he is condemned to pay court costs, an affidavit of the account by an officer to whom costs are due, recorded in the mortgage records, shall have the effect of a judgment for the payment due.
(Emphasis ours.)
In the instant matter, we find that the trial court clearly erred by ordering Ms. Holloway to pay court costs. We note that while trial courts are normally afforded much discretion in taxing of costs, this discretion is limited when the law specifically provides the manner in which costs shall be assessed, as is the case here. La.Code Civ.P. art.1920. See Aymond v. Aymond, 99-1372 (La.App. 3 Cir. 3/1/00); 758 So.2d 886; Kimbrough v. Hirsch, 98-967 (La.App.3.Cir.2/3/99); 736 So.2d 871, writ denied, 99-0613 (La.4/23/99); 742 So.2d 886.
The record establishes that Ms. Holloway was granted the privilege of litigating her claim for divorce without payment of costs and that she prevailed on her claims at trial. Therefore, according to the explicit language of Article 5186, it was mandatory that the trial court cast Mr. Holloway, the party against whom the judgment was rendered, with all court costs due. See Styles v. Styles, 98-2900 (La.App. 4 Cir. 3/3/99); 729 So.2d 177; Smith v. Smith, 543 So.2d 608 (La.App. 2 Cir.1989); Spence v. Spence, 465 So.2d 155 (La.App. 3 Cir.1985).

DECREE
For the foregoing reasons, the portion of the judgment ordering Amanda Bush Holloway to pay one-third of the court costs is reversed. We render judgment against the defendant, Travis D. Holloway, for all costs of the trial court proceedings.
REVERSED AND RENDERED.