# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1035


**DAVID STAPLETON**

**VERSUS**

**PATRICIA FUSSELL STAPLETON**


************

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT,
PARISH OF LASALLE, NO. 34,467,
HONORABLE J. P. MAUFFRAY, JR., DISTRICT JUDGE

************

## JIMMIE C. PETERS
## JUDGE

************

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.


**REVERSED AND RENDERED.**


James Darren Stewart
Legal Services of North Louisiana
Post Office Box 1189
Natchitoches, LA  71457
(318) 352-7220
COUNSEL FOR PLAINTIFF/APPELLANT:
    David Stapleton

Patricia Fussell Stapleton
Post Office Box 632
Urania, LA  71480
(318) 495-3270
COUNSEL FOR DEFENDANT/APPELLEE:
    Patricia Fussell Stapleton

**SUMMARY OPINION**

PETERS, J.

This litigation arises from a divorce suit filed by David Stapleton (David) against his wife, Patricia Fussell Stapleton (Patricia). The trial court subsequently rendered judgment in favor of David, granting him a divorce, but ordered him to pay one-half of the accrued costs of court. He has appealed only that part of the judgment related to the assessment of costs of court. For the following reasons, we reverse that portion of the judgment and assess all costs of these proceedings against Patricia.

The facts are not in dispute in this litigation. David filed his suit for divorce on March 1, 2005, and, on that same day, obtained an order from the trial court granting him the privilege of litigating the matter without prior payment of costs of court. On April 12, 2005, Patricia filed a handwritten, proper person answer to the petition. On June 13, 2005, with both parties present in open court, the trial court heard evidence on the principal demand and rendered judgment granting David a divorce against his wife, authorizing Patricia to resume the use of her maiden name, and assessing all court costs equally between the litigants.

Louisiana Code of Civil Procedure Article 1920 grants the trial court discretion to render a judgment for costs against any party "[e]xcept as otherwise provided by law." However, La.Code Civ.P. art. 5186 provides in pertinent part that "[i]f judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered *shall* be condemned to pay all costs due" to the public officers otherwise entitled to collect court costs. (Emphasis added.)

The record establishes that David was granted the privilege of litigating his claim for divorce without paying the costs of court, as allowed by La.Code Civ.P. art. 5181; that the privilege was never revoked by the trial court; and that he prevailed on

his claim at trial. Under these circumstances, the explicit language of La.Code Civ.P. art. 5186 mandates that the trial court cast Patricia with all court costs due. Therefore, we find merit in David's appeal and reverse that portion of the trial court's judgment.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's judgment requiring that David Stapleton pay one-half of the accrued trial court costs and render judgment assessing all costs of these proceedings, including the costs of this appeal, against Patricia Fussell Stapleton.

**REVERSED AND RENDERED.**