MAX N. TOBIAS, JR., Judge.
 

 11 Katherine Marie Phillips Ulyanov (“Katherine”) appeals a trial court judgment assessing her court costs. On appeal, she contends the trial court erred in assessing court costs against her. For the reasons that follow, we agree that the trial court erred in assessing court costs against her.
 

 Katherine filed a petition for divorce in which she included a request for permission to proceed
 
 in forma pauperis.
 
 The requisite
 
 in forma pauperis
 
 application was completed with supporting financial documentation. Subsequently, by order of court, she was granted indigent status. On 8 April 2009, the court entered a judgment of absolute divorce on Katherine’s motion to confirm the default entered on 19 February 2009. The trial court further assessed “the cost for filing [the] divorce action” against Katherine and ordered Katherine to “pay all costs within (90) ninety days of the signing of [the] judgment.” For the following reasons, we reverse that portion of the order for Katherine to pay all costs for filing the divorce action and render judgment accordingly. ls>La. C.C.P. art. 5186 states:
 

 An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs, by the public officers to whom these costs would be payable. If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney. If judgment is rendered against the indigent plaintiff and he is condemned to pay court costs, an affidavit of the account by an officer to whom costs are due, recorded in the mortgage records, shall have the effect of a judgment for the payment due. [Emphasis supplied.]
 

 The record on appeal is devoid of any evidence that Katherine’s right to proceed
 
 in forma pauperis
 
 was ever traversed or rescinded. La. C.C.P. art. 5184. We note that, as a general matter, La. C.C.P. art. 1920 gives the trial court equitable discretion to tax costs against any party. Specifically, article 1920 states, in part:
 

 Except as otherwise provided by law,
 
 the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. [Emphasis supplied.]
 

 We find the article 1920 discretion is limited in a pauper case by the more specific provision found in La. C.C.P. art. 5186, which mandates the assessment of costs to the party against whom judgment is rendered.
 
 See Holloway v. Holloway,
 
 01-0278, p. 2 (La.App. 8 Cir. 6/6/01), 787 So.2d 600, 601. Moreover, pursuant to La. C.C.P. arts. 1701 and 1702, a judgment confirming a default is entered against the party who fails to answer the petition and citation of the plaintiff. In the case at bar, the judgment entered on Katherine’s motion to confirm the default was rendered against the defendant, Sergey Michael Ulyanov, and thus, we find he Rshould
 
 *382
 
 have been condemned to pay all court costs associated with these proceedings. La. C.C.P. art. 5186.
 
 See also Williams v. Williams,
 
 98-2899, pp. 1-2 (La.App. 4 Cir.4/28/99), 732 So.2d 1243, 1244;
 
 Smith v. Smith,
 
 99-0365, pp. 1-2 (La.App. 4 Cir. 5/5/99), 733 So.2d 729, 730. We conclude the trial court erred in assessing court costs against Katherine Ulyanov.
 

 Accordingly, we reverse that portion of the trial court judgment assessing the costs for the filing of the divorce action against Katherine Ulyanov and render judgment for the payment of court costs against Sergey Michael Ulyanov to be paid within 90 days. We affirm the trial court’s ordering Katherine Ulyanov to pay all other costs (if any),
 
 except couH costs,
 
 associated with these proceedings to be paid within 90 days.
 

 REVERSED IN PART; AFFIRMED IN PART; RENDERED.