MAX N. TOBIAS, JR., Judge.
hln a judgment confirming a default for divorce and child custody, the trial court ordered the indigent plaintiff, Darriel Kelly Snowton (“Darriel”), who was proceeding in forma pauperis, to pay all costs. Darriel appeals that portion of the judgment assessing her with court costs for the “filing of the divorce action.” Additionally on appeal, Darriel contends the trial court erred in failing to designate a domiciliary parent and in awarding interim joint custody instead of permanent joint custody. For the following reasons, we reverse in part and render.
Darriel filed a petition for divorce and custody, which included a request for permission to proceed in forma pauperis. The requisite in forma pauperis application was completed with supporting financial documentation. Subsequently, by order of the court, she was granted indigent status. On 31 March 2009 on Darriel’s motion, the court rendered judgment confirming the default entered on 16 March 2009, decreeing an absolute divorce and awarding interim joint custody to the parties, but not designating either party as the domiciliary parent. The judgment assessed the costs “of filing th[e] divorce action” against | {.Darriel and further ordered her to “pay all costs within (60) sixty days of the signing of [the] judgment.”
La. C.C.P. art. 5186 provides:
An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs, by the public officers to whom these costs would be payable. If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney. If judgment is rendered against the indigent plaintiff and he is condemned to pay court costs, an affidavit of the account by an officer to whom costs are due, recorded in the mortgage records, shall have the effect of a judgment for the payment due. [Emphasis supplied.]
The record on appeal is devoid of any evidence that Darriel’s right to proceed in forma pauperis was ever traversed or rescinded. La. C.C.P. art. 5184. We note that, as a general matter, La. C.C.P. art. 1920 gives the trial court equitable discretion to tax costs against any party. Specifically, article 1920 states, in part:
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. [Emphasis supplied.]
We find the article 1920 discretion is limited in a pauper case by the more specific provision found in La. C.C.P. art. 5186, which mandates the assessment of court costs to the party against whom judgment is rendered. See Holloway v. *1113 Holloway, 01-0273, p. 2 (La.App. 8 Cir. 6/6/01), 787 So.2d 600, 601. Moreover, pursuant to La. C.C.P. arts. 1701 and 1702, a judgment confirming a default is Centered against the party who fails to answer the petition and citation. In the case at bar, the judgment entered on Dar-riel’s motion to confirm the default was rendered against Fredrick Eugene Snow-ton, Sr.; thus, we find Mr. Snowton should have been condemned to pay all court costs of these proceedings. La. C.C.P. art. 5186. See also Williams v. Williams, 98-2899, pp. 1-2 (La.App. 4 Cir.4/28/99), 732 So.2d 1243, 1244; Smith v. Smith, 99-0365, pp. 1-2 (La.App. 4 Cir. 5/5/99), 733 So.2d 729, 730.
The trial court awarded interim joint custody of the minor child, Fredrick Eugene Snowton, Jr., to Darriel and Fredrick Eugene Snowton, Sr., but did not designate either one as the domiciliary parent. Generally, a court must order joint custody unless there is (1) parental consent to sole custody, or (2) a history of family violence, or (3) clear and convincing evidence that sole custody is in the child’s best interest. See La. C.C. art. 134; La. R.S. 9:361, et seq. Moreover, La. R.S. 9:335(B)(1) provides that when parties are awarded joint custody, the court must designate a domiciliary parent “except when there is an implementation order to the contrary or for other good cause shown.” See Evans v. Lungrin, 97-0541, p. 11 (La.2/6/98), 708 So.2d 731, 737. The domiciliary parent is the parent with whom the child primarily resides. La. R.S. 9:335(B)(2). The record indicates that Fredrick Eugene Snowton, Jr. currently resides with Darriel, and thus, she meets the statutory definition of domiciliary parent. Additionally, there is no mention in the judgment of an implementation order or good cause being shown why Darriel should not be designated as the domiciliary parent. We find, therefore, that the trial court erred (1) in ordering interim joint custody rather than a final judgment of permanent joint custody, and (2) not designating Darriel as the domiciliary parent.
^Accordingly, we reverse that portion of the trial court judgment assessing the costs of filing the divorce action against Darriel and awarding interim joint custody to the parties. We render judgment for court costs against Fredrick Eugene Snowton, Sr., assessing him with all court costs associated with these proceedings to be paid within 60 days. We affirm that portion of the trial court’s judgment that ordered Darriel to pay all costs, except court costs, to be paid within 60 days. We render judgment awarding permanent joint custody of Fredrick Eugene Snowton, Jr. to Darriel Kelly Snowton and Fredrick Eugene Snowton, Sr., and designate Dar-riel Kelly Snowton as the domiciliary parent for the minor child, Fredrick Eugene Snowton, Jr.
REVERSED IN PART; AFFIRMED IN PART; RENDERED.
ARMSTRONG, C.J., concurs in the result.