JAMES F. McKAY, III, Judge.
 

 |! Indigent plaintiff, Charlotte Yarls, appeals the trial court judgment assessing her court costs in connection with these divorce proceedings. For the reasons set forth below, we find the trial court erred in assessing court costs against her.
 

 FACTS:
 

 Ms. Yarls filed a petition for divorce, which included a request to proceed
 
 in forma pauperis.
 
 The trial court granted her indigent status pursuant to La. C.C.P. arts. 5181,
 
 et seq.
 
 On July 2, 2009, on Ms. Yarls’ motion, the trial court granted a default judgment of divorce. Ms. Yarls was assessed fifty percent of the court costs.
 

 On appeal, Ms. Yarls asserts that the trial court erred in assessing her court costs despite the fact that she was an indigent litigant. Ms. Yarls further argues that the trial court erred in failing to include the names of the parties in the judgment and in failing to state that the judgment was granted in her favor. Regarding the latter assignment of erroi*, Ms. Yarls submits that the trial court declined to sign her proposed default judgment, but drafted its own judgment decreeing a divorce “between the parties.”
 

 DISCUSSION:
 

 |2La. C.C.P. art. 5186 states:
 

 An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs, by the public officers to whom these costs would be payable.
 
 If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall
 
 
 *1102
 

 be condemned to pay all costs due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney. If
 
 judgment is rendered against the indigent plaintiff and he is condemned to pay court costs, an affidavit of the account by an officer to whom costs are due, recorded in the mortgage records, shall have the effect of a judgment for the payment due. [Emphasis supplied.]
 

 The record on appeal is devoid of any evidence that Ms. Yarls’ right to proceed
 
 in forma pauperis
 
 was ever traversed or rescinded. La. C.C.P. art. 5184. We note that, as a general matter, La. C.C.P. art. 1920 gives the trial court equitable discretion to tax costs against any party. Specifically, article 1920 states, in part:
 

 Except as otherwise provided by law,
 
 the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. [Emphasis supplied.]
 

 We find that the discretion afforded the trial court in La. C.C.P. art. 1920 is limited in a pauper case by the more specific provision found in La. C.C.P. art. 5186, which mandates the assessment of costs to the party against whom judgment is rendered.
 
 See Holloway v. Holloway,
 
 2001-0273, p. 2 (La.App. 3 Cir. 6/6/01), 787 So.2d 600, 601. Moreover, pursuant to La. C.C.P. arts. 1701 and 1702, a judgment confirming a default is entered against the party who fails to answer the petition and citation of the plaintiff.
 

 In the case at bar, Ms. Yarls was the prevailing party in the confirmation of the default, and the judgment should have been entered in her favor. Thus, we find the trial court erred in failing to render the default judgment against Mr. Yarls. We further find that the trial court erred in failing to asses all court costs for the |8divorce proceedings against Mr. Yarls. La. C.C.P. art. 5186.
 
 See Williams v. Williams,
 
 98-2899, pp. 1-2 (La.App.4.Cir.4/28/99), 732 So.2d 1243, 1244;
 
 Smith v. Smith,
 
 99-0365, pp. 1-2 (La.App. 4 Cir. 5/5/99), 733 So.2d 729, 730.
 

 Accordingly, we amend the judgment to reflect that a divorce
 
 a vinculo matrimoni
 
 is granted in favor of Charlotte Yarls, and against Keith Yarls. We reverse that portion of the judgment assessing fifty percent of the court costs against Charlotte Yarls and render judgment assessing all court costs associated with these proceedings against Keith Yarls, to be paid within 60 days.
 

 AMENDED IN PART; REVERSED IN PART; RENDERED.