*990
 
 EDWIN A. LOMBARD, Judge.
 

 |,The indigent plaintiff, Pamela Ford, appeals the trial court judgment assessing her court costs in connection with these divorce proceedings. For the reasons set forth below, we reverse.
 

 Relevant Procedural History
 

 Ms. Ford filed a petition for divorce, which included a request to proceed
 
 in forma pauperis.
 
 The trial court granted her indigent status pursuant to La.Code Civ. Proc. arts. 5181,
 
 et seq.
 
 The record does not reflect that Ms. Ford’s right to proceed
 
 in forma pauperis
 
 was traversed or rescinded as provided by La.Code Civ. Proc. art. 5184.
 

 Pursuant to Ms. Ford’s motion for default, the trial court confirmed the default, rendering a judgment of divorce in favor of Ms. Ford and assessed her court costs. Ms. Ford’s timely appeal followed. On appeal, Ms. Ford asserts that the trial court erred in assessing her court costs in the divorce proceedings in light of her pauper status. In her second assignment of error, Ms. Ford asserts that the trial court erred
 
 if
 
 it also assessed her costs in connection with her prior application for a protective order against domestic violence. The record reflects that a protective order was granted in favor of Ms. Ford on August 4, 2009, but costs 12were not assessed to either party. The record also reflects that no appeal was taken from the August 4, 2009 judgment.
 

 Discussion
 

 Regarding court costs and the indigent litigant, La.Code Civ. Proc. art. 5186 provides, in pertinent part:
 

 An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs, by the public officers to whom these costs would be payable.
 
 If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs
 
 due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney. (Emphasis added).
 

 As a general matter, La.Code Civ. Proc. art. 1920 gives the trial court equitable discretion to tax costs against any party. Specifically, Article 1920 states, in part:
 
 “Except as other provided by law,
 
 the court may render judgment for costs, or any part thereof, against any part, as it may consider equitable.” (Emphasis added.)
 

 It is well established that the Article 1920 discretion is limited in a pauper case by the more specific provision found in La.Code Civ. Proc. art. 5186, which mandates the assessment of court costs to the party against whom judgment is rendered.
 
 Snowton v. Snowton,
 
 2009-0600, p. 2 (La. App. 4 Cir. 9/30/09), 22 So.3d 1111, 1112;
 
 Smith v. Smith,
 
 99-0365, pp. 1-2, (La.App. 4 Cir. 5/5/99), 733 So.2d 729, 730. Moreover, pursuant to La.Code Civ. Proc. arts. 1701 and 1702, a judgment confirming a default is entered against the party who fails to answer the petition and citation.
 

 In the present case, the divorce judgment entered on Ms. Ford’s motion to confirm the default was rendered against Willie Ford, III; thus, Willie Ford, III should have been condemned to pay all costs of the proceedings.
 
 See Snowton,
 
 | .,2009-0600, p. 3, 22 So.3d at 1113. Because the August 4, 2009, judgment granting a protective order in favor of Ms. Ford was not appealed to this Court, we decline to address the argument presented in her second assignment of error.
 

 Conclusion
 

 We reverse that portion of the divorce judgment assessing costs against Ms. Ford
 
 *991
 
 and render judgment against Willie Ford, III, assessing him with all court costs associated with these proceedings, to be paid within 60 days.
 

 REVERSED IN PART; RENDERED.