MOORE, J.
|, Patricia Porter appeals a judgment that, condemned her, the successful litigant, to pay court costs in spite of the fact that she was previously granted pauper status. We reverse in part and render.

Procedural Background

Ms. Porter filed this petition for an Art. 103 divorce in Webster Parish in November 2010. She alleged that she and Mr. Porter had married in Houma, La., in 1984, their last matrimonial domicile was in Webster Parish, there were no children of the marriage, and they had separated on February 14, 2008, without reconciliation. She also filed a petition to proceed in forma pauperis, alleging that she was a homemaker who had not worked outside the home in 25 years, she was now 64 years old, her income (consisting solely of *1288 SSI and food stamps) was $612 a month, and her expenses were $710 a month. The district court signed the order granting her pauper status on November 16.[1]
Mr. Porter, who now lives in Butler, Indiana, received long-arm service on November 29, 2010. He filed no pleading of any kind.
Ms. Porter obtained a preliminary default on February 15, 2011. She confirmed the default at a hearing on February 18. At the close of evidence, the district court stated, “There will be judgment as prayed for.”[2] However, the clerk of court stated on the record, “Cost, your honor. A cost assessment for the pauper case.” The judge replied, “Right. If you’ll just stamp it there. All right, taken care of that. Thank you, ma’am.”
FThe court rendered a judgment that recited, “It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, PATRICIA PORTER, decreeing a divorce a vinculo matrimony [sic] between her and the defendant, MICHAEL B. PORTER.” The judgment was silent as to costs. However, the clerk of court filed a “civil ledger report” showing that Ms. Porter had accrued costs of $219.54.
On February 24, 2011, the clerk of court filed a document entitled “Orders of Court” which recited, “It is ordered that court costs be paid by the petitioner.” This is signed by a deputy clerk of court, not by any judge.
Ms. Porter moved for a devolutive appeal, which the court granted on March 30, 2011. In mid-April, she filed another motion to proceed in forma pauperis in the district court. Her allegations were essentially the same as before, except that she listed a total income (SSI and food stamps) of $732 and expenses of $639.57. The district court signed this second order granting her pauper status on April 15.[3]
Before the record was lodged with this court, the clerk of the district court filed another notice of costs, this time including appellate costs and demanding from Ms. Porter $568.20.

Ms. Porter’s Argument

Ms. Porter raises one issue: the court erred by ordering her to pay all court costs. She shows that she obtained two court orders granting her pauper status and she was the prevailing party who obtained a default judgment. She also shows that Mr. Porter never traversed her pauper status |Hand the court never revoked it. She cites La. C.C.P. art. 5186: “If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs[.]” She shows that this court and others have treated Art. 5186 as mandatory and reversed judgments that assessed court costs to pauper plaintiffs who prevailed at trial. Smith v. Smith, 543 So.2d 608 (La.App. 2 Cir.1989); Ford v. Ford, 2009-1494 (La.App. 4 Cir. 2/24/10), 32 So.3d 989; Stapleton v. Stapleton, 2005-1035 (La.App. 3 Cir. 2/1/06), 922 So.2d 1234. She asks the court to reverse the order that she pay court costs and to render judgment ordering Mr. Porter to pay them.
Mr. Porter’s appellate brief was due July 29, 2011, but as in the district court he has filed nothing.

Discussion

Except as otherwise provided by law, “the court may render judgment for costs, or any part thereof, against any *1289 party, as it may consider equitable.” La. C.C.P. art. 1920. Special statutes enumerate the expenses that may be taxed as costs. La. R.S. 13:4533, 13:3666. The trial court has great discretion in awarding costs. Aucoin v. Southern Quality Homes LLC, 2007-1014 (La.2/26/08), 984 So.2d 685; Curry v. Healthsouth North Rehabilitation Hosp.-Homer Campus, 46,015 (La.App. 2 Cir. 3/11/11), 58 So.3d 1143, writ denied, 2011-0749 (La.5/27/11), 63 So.3d 995.
When a party proceeds in forma pau-peris, La. C.C.P. art. 5186 provides a special rule for waiver of costs:
An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of 14costs, by the public officers to whom these costs would be payable. If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney. If judgment is rendered against the indigent plaintiff and he is condemned to pay court costs, an affidavit of the account by an officer to whom costs are due, recorded in the mortgage records, shall have the effect of a judgment for the payment due.
The discretion conferred by Art. 1920 is obviously limited in a pauper case by the more specific rule of Art. 5186, which mandates that costs be paid by the party against whom judgment is rendered. Curry v. Healthsouth North Rehabilitation Hosp.-Homer Campus, supra; Ulyanov v. Ulyanov, 2009-0642 (La.App. 4 Cir. 9/23/09), 23 So.3d 380. The district court committed legal error in assessing costs against Ms. Porter, the indigent party in whose favor judgment was rendered. Moreover, a default judgment is always rendered against the party who failed to answer the petition and citation. La. C.C.P. arts. 1701, 1702. The district court committed legal error in assessing costs against the party who took and confirmed the default. Ulyanov v. Ulyanov, supra.
We are sensitive to the position of the clerk of court, who is dealing with a defendant who has left the jurisdiction (moving over 900 miles away), never responded to the petition, citation or any legal notice, and is likely to be “judgment-proof’ for execution of costs. Nonetheless, the provisions of Art. 5186 are mandatory. Curry v. Healthsouth North Rehabilitation Hosp.-Homer Campus, supra; Smith v. Smith, supra. The district court, acting through its clerk of court, erred in ordering Ms. Porter to pay costs. This part of the judgment will be reversed.
| ¡¡Decree
For the reasons expressed, the portion of the judgment ordering Ms. Porter to pay court costs is reversed. Judgment is rendered ordering the defendant, Mr. Porter, to pay all trial and appellate costs.
REVERSED IN PART AND RENDERED.

. Judge John Robinson signed this order.

. Judge Parker Self presided over the confirmation of default.

.Judge Ford Stinson signed this order.