TOBIAS, J.,
concurs.
hi respectfully concur. I write separately to emphasize my understanding of La. C.C. art. 132 and’ our jurisprudence.
Joint custody must be ordered absent the parents’ consent to sole custody, a history of family violence, or clear and *756 convincing evidence that sole custody is in the child’s best interest. Snowton v. Snowton, 09-0600, p. 3 (La.App. 4 Cir. 9/30/09), 22 So.3d 1111, 1113.
Pursuant to La. C.C. art. 132, “[i]n the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent.”
In order to prove a matter by clear and convincing evidence, a party must demonstrate that the existence of a disputed fact, in this instance, that sole custody is preferable, is highly probably, or much more probable than its nonexistence. Coleman v. Coleman, 47,080, p. 10 (La.App.2d Cir.2/29/12), 87 So.3d 246, 253-54; White v. Kimrey, 37,408 (La.App.2d Cir.5/14/03), 847 So.2d 157.
Based upon the record before us, I find no clear and convincing evidence that sole custody was in L.J.’s best interest. Even assuming, which I do not, that it |2was in the best interest of L.J. to have her live with Mr. Johnson, considering the child’s age (now 15 years old) and the length of time that L.J. has been with Ms. Hilkirk without meaningful contact with Mr. Johnson, it was cruel and heartless, even taking into account the animosity between the parties, to award sole custody to Mr. Johnson and deprive and limit L.J.’s contact with Ms. Hilkirk. The record on appeal[1] as designated by the parties, does not support the action of the trial court.
To the extent that Ms. Hilkirk or Mr. Johnson may have been or be in contumacious contempt on one or more occasions of court orders relating to court ordered visitation, the remedy in the case at bar is incarceration of the offending party, not penalizing the child and depriving her of contact. No winners exist in this case, only losers, and the person sustaining the most loss is L.J.