bGOTHARD, Judge.
Plaintiff, Rose Mary Smith, appeals a decision of the trial court which dismissed her action against defendant on a grant of a defense motion for summary judgment. Mrs. Smith also assigns as error the trial court’s ruling denying her motion to proceed in forma pauperis.
*61 This matter began when Mrs. Smith filed a lawsuit in Civil District Court for the Parish of Orleans in which she asserts claims of legal malpractice and fraud against her former attorney, Stephen R. Doody. Mrs. Smith’s son, Wilbert Lee Smith, Jr., is also a plaintiff in the action. According to the pro se petition, Mrs. Smith wished to exert her right to proceeds from royalties due her deceased ex-husband, Wilbert Lee Smith, Sr. a/k/a Lee Diamond, for songs he wrote or co-wrote during the existence of the community. For that purpose she employed Dudley Yoe-dieke and later, Stephen Doody.
|3Mrs. Smith asserts that Stephen Doody failed to return phone calls and failed to keep her adequately informed of dates for depositions and hearings in the community property suit. Further, Mrs. Smith’s petition makes an assertion of fraud with regard to Mr. Doody’s representation of Pamela Mathews, who claims to be the illegitimate child of Wilbert Smith, Sr. Mrs. Smith alleges these acts of defendant caused her pain, suffering, mental anguish and humiliation, for which she is entitled to Thirty Million Dollars.
Mr. Doody filed a motion to transfer the suit from Civil District Court for the Parish of Orleans to the 24 th Judicial District for the Parish of Jefferson. Mr. Doody also filed dilatory exceptions of nonconformity with LSA-C.C.P. articles 891, 861 and 863(A), and vagueness, and peremptory exceptions of no cause of action as to Mrs. Smith, and no cause/no right of action as to Wilbert Lee Smith, Jr. Plaintiffs opposed the motion to transfer. After a hearing, the motion was granted and the matter was transferred to Jefferson Parish. Mr. Doody filed a reconventional demand against Wilbert Lee Smith, Jr. for defamation. He also reasserted his exceptions and filed a motion for summary judgment.
The legal malpractice suit is based on Mr. Doody’s representation of Mrs. Smith in a “Petition for Partition of Community Property and Settling of Account and Payment of Money” filed in Jefferson Parish. The petition, and attached documents, show that Mrs. Smith and Wilbert L. Smith, Sr. were married in 1953. During the marriage one child, Wilbert L. Smith, Jr., was born. Although the couple was divorced in 1981, the community of acquets and gains was never partitioned. On February 16, 1985, Wilbert L. Smith, Sr. died intestate. Wilbert L. Smith, Jr. was placed in possession of the property of Wilbert L. Smith, Sr. pursuant to a judgment entered on October 29,1990.
|4The community of acquets and gains between the Smiths included copyright interests in royalties and other payments arising from certain musical compositions authored or coauthored by Mr. Smith, Sr. during the existence of the marriage to Mrs. Smith. One particular musical composition, “Tell It Like It Is”, which was coauthored by Mr. Smith in the 1960’s, was made popular by Aaron Neville and continues to generate significant writer’s royalties. Mr. Smith, Jr., pursuant to his judgment of possession, received about $160,000.00 in royalties. According to the petition, those royalties were paid to Mr. Smith’s agent, Joe Jones.
The lawsuit was successful and Mrs. Smith obtained a partial summary judgment acknowledging her one-half interest in the royalties and rendering judgment against Joe Jones, who collected the royalties in the name of Wilbert Smith, Jr., in the amount of $80,000.00. In an attempt to collect on the judgment for his client, Stephen Doody propounded judgment debtor discovery requests upon Jones, calling him to identify his bank accounts and other financial assets which could be used to satisfy the judgment. Upon Jones’ refusal to answer the discovery requests, Mr. Doody filed a Motion to Compel which was fixed for hearing on December 18, 1995. On December 14, 1995, for an unexplained reason, Mrs. Smith discharged her attorney, Stephen Doody, and dismissed the suit against Joe Jones with prejudice. At the hearing on December 18, 1995, the trial court judge carefully explained to Mrs. Smith the consequences of her actions and ultimately granted her motions to dismiss Mr. Doody as her attorney, and to dismiss the action with prejudice.
Shortly thereafter, Mrs. Smith and her son Wilbert Smith, Jr. filed this action for malpractice and fraud against Stephen Doody for his representation in |5the community property suit. As previously stated, the trial *62 court dismissed the action for malpractice after granting the peremptory exceptions and the motion for summary judgment.
On appeal to this court, plaintiffs assign two errors. They maintain that the trial court erred in denying Mrs. Smith pauper status and in being “quick to rush to judgment” without giving Mrs. Smith “a chance to defend herself’.
The record shows that both plaintiffs appealed the judgment on October 21,1997 and were ordered to pay all costs in full within forty-five days to perfect the appeal. Mrs. Smith filed an application for pauper status on December 1, 1997. After consideration the trial court denied the request, but rendered an order allowing plaintiffs to proceed with the action by payment of the costs in installments of $25.00 per month.
LSA-C.C.P. article 5181 allows an individual, who is unable to pay the costs of court because of his poverty and lack of means, to prosecute or defend a judicial proceeding without payment of costs in advance. The trial court is afforded wide discretion in determining whether to grant the privilege to litigate in forma pauperis, and absent a clear abuse of that discretion this court will not disturb the trial court’s ruling. Starks v. Universal Life Ins. Co., 95-1003 (La.App. 1 Cir. 12/15/95), 666 So.2d 387, writ denied 96-0113 (La.3/8/96), 669 So.2d 400.
Here, only one of the parties appealing has requested pauper status. There is no information on Mr. Wilbert Smith’s financial status. Given the fact that is was shown in the community property suit that Mr. Smith’s agent collected $160,000.00 on his behalf and that Mrs. Smith voluntarily forfeited her right toj^collect on a $80,000.00 judgment, we find no abuse in the trial court’s denial of the pauper status to Mrs. Smith.
We construe the second assignment of error as an appeal from the dismissal of their lawsuit on exceptions of no right/no cause of action and summary judgment.
At the outset we note that at no time did an attorney-client relationship exist between Stephen Doody and Wilbert Smith, Jr. Mr. Smith does not even allege such a relationship in the petition. Our law does not provide a remedy in legal malpractice for a party who was never a client of the defendant attorney.
In Cutitto v. Boyes, 97-63 (La.App. 5 Cir. 5/28/97), 695 So.2d 1080 at 1084, this court discussed the law regarding the no right of action exception.
The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular class to which the law grants a remedy for a particular harm alleged. Wallace v. Nathan, 96-119 (La.App. 5 Cir. 7/30/96), 678 So.2d 595,597. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. Dufour v. Westlawn Cemeteries, Inc., (94-81 [La.App.] 5 Cir. 6/28/94), 639 So.2d 843, 848.
Accordingly, the trial court did not error in maintaining the no right of action exception as to Mr. Smith, and properly dismissed any claim he made in this action.
To review the second assignment of error as it relates to Mrs. Smith, we must consider the merits of the petition alleging the malpractice and fraudulent conduct.
To maintain an action for legal malpractice, a plaintiff must prove three elements: the existence of an attorney-client relationship, negligent 17representation by the attorney, and loss to the client caused by that negligence. Finkelstein v. Collier, 93-999 (La.App. 5 Cir. 4/14/94), 636 So.2d 1053.
As we read the pro se petition filed by Mrs. Smith and her son Wilbert, the basis of the complaint against Mr. Doody is contained in paragraphs 22 and 23 which discuss Mr. Doody’s handling of an assignment of copyrights interests from Pamela Mathews. Those paragraphs read as follows:
22.
On February 16, 1994, THE COMMUNITY PROPERTY THAT DEFENDANT ATTORNEY STEPHEN R. DOODY *63 FILED A “PARTITION FOR COMMUNITY PROPERTY” IN THE 24 ™ JUDICIAL DISTRICT COURT IN MY BEHALF, DEFENDANT ATTORNEY STEPHEN R. DOODY PREPARED AN ASSIGNMENT OF COPYRIGHT, NOTARIZED THAT ASSIGNMENT OF COPYRIGHT FOR THE SAME SONGS FROM THE COMMUNITY PROPERTY OF MY FORMER, DIVORCED, DECEASED HUSBAND, .. WILBERT LEE SMITH, SR., A/K/A "LEE DIAMOND” [TO] A PAMELA MATTHEWS THAT DEFENDANT ATTORNEY STEPHEN R. DOODY CLIENT GEORGE R. DAVIS, JR. INTRODUCED TO HIM. This (“fraudulent act”) was committed by defendant ATTORNEY STEPHEN R. DOODY.. NINE (9) MONTHS AFTER HE, DEFENDANT ATTORNEY STEPHEN R. DOODY HAD FILED A LAW SUIT FOR COMMUNITY PROPERTY FOR ME IN THE 24™ JUDICIAL DISTRICT COURT ON MAY 27, 1993. DEFENDANT ATTORNEY STEPHEN R. DOODY (“COMMITTED THIS FRAUDULENT CRIME ON FEBRUARY 16, 1994”). (sic)
23.
In May of 1995 .at my deposition at defendant attorney Stephen R. Doody’s office, defendant attorney Stephen R. Doody answered all the questions because I could not remember but five (5) songs. Now, I know at my deposition that took place IN MAY OF 1995, THAT ATTORNEY STEPHEN R. DOODY KNEW OVER SIXTY (60) SONGS THAT WAS (sic)WRITTEN OR CO-WRITTEN BY MY FORMER, DIVORCED, DECEASED HUSBAND, WILBERT LEE SMITH, SR, A/K/A LEE DIAMOND.
BECAUSE ON FEBRUARY 16, 1994, NINE (9) MONTHS BEFORE MY DEPOSITION TOOK PLACE., (sic) DEFENDANT ATTORNEY STEPHEN R. DOODY HAD PREPARED AN ^‘ASSIGNMENT OF COPYRIGHT”), NOTARIZED THE ASSIGNMENT OF COPYRIGHT .. FOR ALL THE SONGS THAT WAS (sic) PART OF (“THE COMMUNITY PROPERTY”) TO A PAMELA MATTHEWS. PAMELA MATTHEW’S CLAIMING (sic) TO BE THE HEIR OF MY FORMER, DIVORCED, DECEASED HUSBAND WILBERT LEE SMITH, SR, A/K/A LEE DIAMOND. PAMELA MATTHEWS [ASSIGNED] ALL THE SONGS in the COMMUNITY PROPERTY TO "GEORGE R. DAVIS, JR”, DEFENDANT ATTORNEY STEPHEN R. DOODY’S CLIENT AT THE SAME TIME DEFENDANT ATTORNEY STEPHEN R. DOODY WAS REPRESENTING ME AS THE FORMER, WIFE OF WILBERT LEE SMITH, SR. (sic)
A/K/A LEE DIAMOND’S ESTATE.. WHICH INCLUDED.ALL THE SONGS.... DEFENDANT ATTORNEY STEPHEN R. DOODY ASSIGNED TO GEORGE R. DAVIS, JR, WITH ("PAMELA MATTHEWS”) claiming to he the (“heir”) although defendant Attorney Stephen R. Doody and Attorney Dudley Yoedicke had in their possession before they filed a law suit in my behalf the “Succession and Judgment of Possession of the only heir of my deceased husband, his son, Wilbert Lee Smith, Jr.” (sic)
(Emphasis in original)
The document referred to in the above paragraphs of the petition is contained in the record. It reads as follows:
WHEREAS, Pamela Matthews, a person of the full age of majority, residing at 2632 Annette Street, New Orleans, Louisiana 70119-1212 (hereinafter referred to sometimes as “Matthews”), claims that her natural father was Wilbert Lee Smith, Sr. (“Smith”), a/k/a Lee Diamond, who authored or coauthored many songs during his lifetime (“Songs”);
WHEREAS, as the daughter of Smith, and for other possible reasons, Matthews may have certain rights or may be entitled to certain rights in the Songs, including copyrights pertaining to the Songs as well as renewals and extensions of such copyrights (collectively referred to hereinafter as “Rights”); and
WHEREAS, Olrap Publishing, appearing herein through its managing partner, *64 George R. Davis, Jr., is desirous of obtaining Matthews’ Rights, if any, in the Songs;
NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which Matthews acknowledges, Matthews hereby assigns, transfers, grants and sets over to Olrap any and all of the Rights she may have or to which she is or may be 19entitled, past, present and future, in and to the Songs, including without limitation all copyrights and renewal copyrights in and to the musical compositions listed in the exhibit attached hereto.
The document is signed by Ms. Matthews and notarized by Stephen Doody.
The assignment is clearly an assignment of any rights Ms. Matthews may have should she prove filiation. It in no way effects Mrs. Smith’s rights which were litigated to a successful conclusion in the underlying suit. Thus, there has been no showing of negligent representation. Further, it was at Mrs. Smith’s request that the underlying lawsuit be dismissed. Therefore, the loss of the $80,000.00 won in the community property is directly attributable to Mrs. Smith’s actions. It is unfortunate that Mrs. Smith misunderstood the meaning of the assignment before she dismissed the underlying suit and filed this action. However, this court is without jurisdiction to consider those issues.
Because the actions of which plaintiffs complain do not constitute malpractice or fraud, we find the trial court was correct in ordering the dismissal of plaintiffs’ action against Mr. Doody. Accordingly, we affirm the trial court and assess all costs of this appeal to appellants.
AFFIRMED.