| WILLIAMS, Judge.
This appeal arises from the district court’s denial of a “Motion to Compel the Production of Documents” filed by a prisoner, John D. Colquitt (“Colquitt”), upon the Claiborne Parish Detention Center. For the following reasons, we affirm.
FACTS
On November 2, 1999, Colquitt pled guilty to possession of a firearm by a convicted felon. He was sentenced to serve ten years at hard labor. As a result of his guilty plea and sentence, the district court entered a Judgment of Conviction and Felony Sentence (“judgment of conviction”) against him, wherein he was ordered to serve his sentence in the custody of the Department of Public Safety and Corrections (“DPSC”). Colquitt was subsequently incarcerated at the Claiborne Parish Detention Center. Since his incarceration, Colquitt has consistently maintained that he has not received a copy of the document committing him to the custody of DPSC. Colquitt filed motions requesting that the Claiborne Parish Detention Center furnish him with copies of his commitment documents. He then filed a motion to compel the production of the documents. The district court denied the motion to compel, finding that the judgment of conviction was the document whereby the court ordered Colquitt committed to the custody of DPSC. The court noted in its ruling that Colquitt had been furnished with a copy of the judgment of conviction. Colquitt appeals.
DISCUSSION
On appeal, Colquitt contends the copy of the judgment of conviction, provided to him pursuant to his request for commitment documents, was insufficient to commit him to the custody of DPSC. He cites LSA-R.S. | ¡>15:566 as authority for his contention that the judgment of conviction in his case is insufficient. We find that LSA-R.S. 15:566 is inapplicable to the issue presented in this case. Section 566 lists the documents which should accompany a prisoner when he or she is physically delivered to the penitentiary; however, it does not address the legal commitment of a person to the custody of DPSC.
Section 566 provides, in pertinent part, as follows:
C. The sheriff of the parish in which the prisoner has been convicted, or his duly qualified and regularly employed deputy, shall deliver with the prisoner all documents and statements required by Article 892 of Chapter 1 of Title 30 of the Louisiana Code of Criminal Procedure. If said documents are not tendered with the prisoner, the Department of Corrections shall refuse the delivery of said prisoner.
*1286 The applicable statute in regard to a commitment to the DPSC is LSA-R.S. 15:824. That statute provides, in pertinent part, as follows:
A. Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department.
[[Image here]]
C. Notwithstanding any provision of law to the contrary, only individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections.
LSA-R.S. 15:824(C) authorizes the court to commit any individual who has been sentenced to confinement at hard labor to the DPSC. The record shows that Colquitt was furnished a copy of his judgment of conviction, which provides that pursuant to LSA-R.S. 14:95.1, Colquitt “is sentenced for his possession of a firearm conviction to ten years at hard labor in the custody of DPSC.” Thus, we find that the judgment of conviction entered in this case was sufficient to commit Colquitt to the ^custody of DPSC. The district court was correct in denying the motion to compel the production of documents.
CONCLUSION
For the above reasons, the district court’s judgment is affirmed.
AFFIRMED.