h GASKINS, J.
The plaintiff, John D. Colquitt, appeals from a trial court judgment that rejected *554 his claims that the trial court denied him access to the court by denying him pauper status in a prior suit. We affirm.
FACTS
In January 2002, Colquitt filed suit against District Attorney Walter May, Jr., of the Second Judicial District, seeking $500,000 in damages and an immediate release from prison.[1] Pursuant to the Prison Litigation Reform Act (PLRA), La. R.S. 15:1181, et seq., the trial court dismissed his petition for failure to state a claim upon which relief could be granted, denied his motion to proceed in forma pauperis, and ordered the rejection of any future civil actions submitted by Colquitt to the Claiborne Parish Clerk of Court unless he paid an advance deposit for court costs. In Colquitt v. Claiborne Parish, 36,260 (La.App.2d Cir.8/14/02), 823 So.2d 1103, we affirmed the dismissal of Col-quitt’s petition, but vacated that portion of the judgment concerning his ability to file in forma pauperis. We concluded that the PLRA did not apply to his suit against the district attorney because Colquitt’s action concerned the fact or duration of his confinement in prison, not the conditions of his confinement or the effects of actions by the district attorney on his life as a person confined in prison.
On August 23, 2002, Colquitt filed a petition against the Second Judicial District Court, the Town of Homer, and District Attorney May, ^alleging that the defendants had tried to stop Colquitt from gaming access to the court by not allowing him to file his prior action in forma pau-peris, thereby violating his constitutional rights. He again sought damages of $500,000 and release from custody. On September 18, 2002, the trial court, based on its prior decision as affirmed by this Court, dismissed Colquitt’s petition prior to docketing, but found that Colquitt should be allowed to proceed in forma pauperis. This appeal followed.
DISCUSSION
Contrary to Colquitt’s assertions, his constitutional right to access to the court has not been violated. In his prior action, the trial court reached the merits of his claims; the court reviewed the reasons why those claims, previously denied in post-conviction proceeding, were meritless. On appeal, we also reached the merits of Colquitt’s claims by affirming the trial court’s judgment pertaining to them.
The only other effect of the trial court’s judgment in the prior action was to deny Colquitt’s motion to proceed informa pau-peris, and to order future civil actions by Colquitt to be rejected if filed in forma pauperis. However, the judge’s conclusions concerning Colquitt’s ability to proceed in forma pauperis did not prevent Colquitt from appealing, and this Court then vacated that portion of the judgment concerning Colquitt’s ability to file in for-ma pauperis. Thus, he was not prevented from filing the instant action or any other such action in forma pauperis. To the contrary, the court found that he should be allowed to proceed in forma pauperis herein because the nature of his claim was one appropriately raised as a posbjconvic-tiong claim. Moreover, this Court has once again reached the merits of Colquitt’s claim on appeal. Under these facts, Col- *555 quitt has suffered no damages or denial of court access.
CONCLUSION
For the reasons set forth above, the trial court’s judgment is affirmed at Colquitt’s costs.
AFFIRMED.

. Colquitt has a lengthy history of litigation. Since 1996, he has filed more than 50 criminal writs, civil writs and civil appeals in this Court. Apparently he is currently serving a sentence of 10 years at hard labor for possession of a firearm by a convicted felon. See Colquitt v. Claiborne Parish Detention Center, 35,139 (La.App.2d Cir.10/12/01), 795 So.2d 1284, writ denied, 2001-3006 (La.9/13/02), 824 So.2d 1178.