NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1472

MUNCY MCALISTER

VERSUS

OILFIELD INSTRUMENTATION U.S.A., INCORPORATED, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20092408
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain, Judges.

REVERSED AND REMANDED.

Jack Hendrix McLemore, Jr.
200 Advocate Row, Suite B
Vidalia, LA 71373
(318) 336-9189
Counsel for Defendants/Appellees:
Oilfield Instrumentation USA

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Allen Stuart**
**Aldonsa, Inc.**
**Advanced Building Services, Inc.**
**Muncy McAlister**
**EHCC Golf 1-B**
**P. O. Box 174**
**St. Gabriel, LA 70776**

**Allen Stuart**
**Aldonsa, Inc.**
**Advanced Building Services, Inc.**
**Muncy McAlister**
**EHCC Golf 1-B**
**P. O. Box 174**
**St. Gabriel, LA 70776**

**EZELL, JUDGE**.

Muncy McAlister, an inmate at David Wade Correction Center, filed an in forma pauperis petition, alleging that he was not paid and was underpaid by Oilfield Instrumentation, U.S.A., Inc. (Oilfield Instrumentation) for work performed while he was incarcerated in the Concordia Parish Correctional Facility. Mr. McAlister appeals the trial court judgment which dismissed his case pursuant to La.R.S. 15:1186(C) on the basis that his lawsuit was frivolous and/or failed to state a cause of action.

## FACTS

On April 20, 2009, Mr. McAlister filed a petition against Oilfield Instrumentation. He specifically alleged that from March 2006 to August 2006 he was not paid for welding and fabricating work he performed while incarcerated at the Concordia Parish Correctional Facility. He further alleged that from June 20, 2007, to November 20, 2007, he was in a work-release program and was paid less than the customary wages for the same position. In addition to his petition, he also filed a motion to proceed in forma pauperis. Oilfield Instrumentation answered the petition and claimed that Mr. McAlister was paid in full for any work performed for it.

Following the filing of a motion to issue a subpoena dues tecum and a motion to set for hearing by Mr. McAlister, the trial court dismissed Mr. McAlister's lawsuit. Mr. McAlister appealed that judgment.

## DISCUSSION

In *Frederick v. Ieyoub*, 99-616 (La.App. 1 Cir. 5/12/00), 762 So.2d 144, 00-1811, *writ denied* (La. 4/12/01), 789 So.2d 581, the first circuit reviewed the provisions of the Prison Litigation Reform Act, La.R.S. 15:1181 to 15:1191, in determining whether the dismissal of a prisoner's suit against the Attorney General

1

challenging the constitutionality of a statute should have been considered a strike pursuant to La.R.S. 15:1187. The first circuit noted that "[t]he purpose of enacting the [Prison Litigation Reform Act] was to provide for civil actions with respect to prison conditions." *Id*. at 150. The court held that the Prison Litigation Reform Act did not apply to the plaintiff's suit because the Act did not apply to all civil actions filed by prisoners who are incarcerated or detained but only to those civil actions that challenge a condition of their confinement or the effects of actions by government officials on their lives. *See also Rochon v. Young*, 08-1349 (La.App. 1 Cir. 2/13/09), 6 So.3d 890, *writ denied*, 09-745 (La. 1/29/20), 25 So.3d 1/29/10; *Manuel v. Stalder*, 04-1920 (La.App. 1 Cir. 12/22/05), 928 So.2d 24; *McCoy v. State ex rel. Jones*, 39,323 (La.App. 2 Cir. 2/17/05), 901 So.2d 1109, *writ denied*, 05-960 (La. 2/3/06), 922 So.2d 1161.

Mr. McAlister's suit is against a private company for wages that he claims he was owed. Therefore, the provisions of the Prison Litigation Reform Act are not applicable to him. The trial court erred in dismissing his case pursuant to La.R.S. 15:1186(C).

The judgment of the trial court is reversed, and this case is remanded for further proceedings. Costs of this appeal are assessed to Defendant/Appellee.

**REVERSED AND REMANDED.**

2