ELLIS, Judge.
This is an expropriation action by the Town of Golden Meadow, a municipality of the State of Louisiana. The property sought to be expropriated is part of a tract of land belonging to the defendant, Clovis Duet, and is to be used for the construction of a protection levee. An exception of no right of action was referred to the merits, answer filed, and after trial the exception was overruled and judgment rendered in favor of plaintiff, appellee, granting a right-of-way conditioned upon the payment of the sum of $952.25.
From this judgment the defendant-appellant has perfected a suspensive appeal, reurging the exception and, in the alternative, for an increase of the award to the amount of $12,500. The plaintiff-appellee has answered the appeal praying the judgment be reduced to the amount of $415.58.
On the Exception
The exception of no right of action is founded upon two premises:
(a) The property sought to be expropriated is located beyond the corporate limits of the Town of Golden Meadow.
(b) The Statute authorizing and requesting the Louisiana Department of Public Works to construct the levee fixes the location thereof as being in the rear of said town, whereas the property to be expropriated is located a distance above or north of said town.
(a)
Generally the powers of a municipality corporation do not extend beyond its corporate limits unless these powers be extended by the Legislature. See Koerber v. City of New Orleans, La.App., 76 So.2d 466, and authorities cited.
However, through Act 419, Section 1, of 1938 (now LSA-R.S. 33:4621), our Legislature broadened the powers of Municipal corporations as well as parishes. The pertinent Section of this Act reads as follows:
“§ 4621. Authority to acquire property. Municipalities and parishes may expropriate and otherwise acquire any private property, within or without their limits, for any of the purposes for which they are organized, and for any works that they are authorized to own or operate, or which they are authorized to lease or donate to the United States. This Part shall not be construed to confer authority upon a parish or municipality to expropriate property in any other parish without the consent of the police jury of the parish in which the property is situated.”
The Town of Golden Meadow was incorporated under the provisions of Act 136 of 1898, known as the “Lawrason Act”, and its amendments. The powers of such a municipal corporation are set forth in LSA-R.S. 33:361. The pertinent parts of this State read:
“§ 361. Powers enumerated — The municipal corporation shall have the power
“First — To sue and be sued.
“Second — To purchase, accept, receive by donation or otherwise, hold, and sell or otherwise dispose of movable and immovable property within or *290 without the corporate limits, for parks, cemeteries, hospitals, . school houses, houses of correction, waterworks, electric lights, sewers, and for all other municipal purposes.
“Third — To make all contracts and to do all other acts in relation to its property and concerns necessary to the exercise of its corporate or administrative powers. * * * ”
Further, authority for the expropriation of lands by a town to build levees is found in LSA-R.S. 38:181:
“§ 181. Construction and maintenance of levees; expropriation of lands.
“Cities and towns incorporated under the laws of this state may build and maintain levees within the limits of the municipality, or in its immediate vicinity, for protection from overflow or from the high waters of streams affecting them and may expropriate any lands within or without the corporation necessary for construction of levees.
“The expropriation proceedings shall be upon due compensation and shall be conducted in accordance with and governed by the provisions of Articles 2626 to 2641 inclusive of the Revised Civil Code of Louisiana.
“The right of way over all lands of the state for these purposes is hereby granted when authorized by the governor.”
From these statutes and the powers granted the Town of Golden Meadow it is clear that the contention of the defendant-appellant that the town has not the power to expropriate beyond its corporate limits is erroneous.
(b)
The pertinent part of the legislation authorizing the Department of Public Works to construct the levee in question here is found in Section 1 of Act 265 of the regular Session of 1956:
“Section 1. The Department of Public Works is hereby authorized and requested to build a protection levee in the rear of Golden Meadow in La-fourche Parish. The department shall expend the necessary funds for this purpose from the budget funds appropriated to it.”
This Act merely authorized and requested the Department of Public Works to build the protection levee and really has nothing to do with the authority of the Town of Golden Meadow to expropriate property in connection therewith. To implement the building of the levee it was necessary for the town to acquire rights-of-ways from all of the landowners upon whose property the levee was to be constructed. The Town of Golden Meadow itself could have expropriated and built the levee, levying taxes for this purpose. The defendant-appellant contends that since Act 265 of 1956 states that the authority and request to the Department of Public Works is to build a levee in the rear of Golden Meadow the town had not the right to expropriate property north of the town. However, the petition states that the Department of Public Works had completed all of the surveys necessary to construct the levee and the property to be acquired is particularly described therein. It is also stated in the petition that the acquisition of the particular property is necessary and required for the purpose of the public interest, benefit and necessity. We cannot find any merit in the exception and the trial court was correct in overruling it.