STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 0752

SEAN HERIGODT

VERSUS

THE TOWN OF GOLDEN MEADOW

JUDGMENT RENDERED: **FEB 2 2 2021**

* * * * * * *

Appealed from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche • State of Louisiana
Docket Number 134485 • Division A

The Honorable John E. LeBlanc, Judge Presiding

* * * * * * *

Sean Herigodt                                   APPELLANT
New Orleans, Louisiana                          PLAINTIFF—In Proper Person


Bradley C. Myers                                ATTORNEY FOR APPELLEE
Baton Rouge, Louisiana                          DEFENDANT—The Town of
                                                Golden Meadow


* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

The plaintiff, Sean Herigodt, devolutively appeals the trial court's judgment sustaining a peremptory exception raising the objection of no cause of action filed by the defendant, the Town of Golden Meadow (the "Town"), and dismissing all of the plaintiff's claims against the Town, with prejudice. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On January 8, 2018, Mr. Herigodt filed a *pro se* petition for judicial review against the Town in the Seventeenth Judicial District Court ("trial court"), Parish of Lafourche.[1] Mr. Herigodt alleged that he appeared in the Town of Golden Meadow Municipal Court ("municipal court") and pled "not guilty" to a traffic citation.[2] He alleged that the municipal court set a trial date for his traffic citation for October 24, 2017; however, he filed a motion to continue to December 19, 2017, averring that he was "embroiled in custody proceedings in New Mexico, and that the hearings or orders issuing from New Mexico might present conflicts with proceedings in Golden Meadow." Mr. Herigodt alleged that the municipal court told him "granting a continuance would not be a problem." Mr. Herigodt alleged, however, that the municipal court "failed to notify [him] whether or not it had granted or denied his motion requesting [a] continuance, failed to notify [him] of a hearing on [his] motion, failed to notify [him] in any way whether [he] was indeed expected to appear on December 19th."

Mr. Herigodt alleged that he requested a second continuance of the December 19, 2017 trial date he had initially requested due to the issuance of an order in his New Mexico custody proceedings that required his presence in New

---

[1] The pleading was titled, "Petition for Judicial Review of Municipal Court Denial of Continuance, Appeal from Municipal Court Decision, and Prayer for Relief."

[2] See **Town of Golden Meadow v. Sean Herigodt**, Citation No. 9209187, Golden Meadow Municipal Court, Parish of Lafourche, State of Louisiana.

Mexico on December 19, 2017. Mr. Herigodt alleged that "a person apparently speaking for Golden Meadow," informed him via telephone on December 18, 2017, "that the [magistrate] had denied [his] continuance, and would issue a warrant if [he] did not pay up or appear in court the next day."

Mr. Herigodt argued that the municipal court's denial of his continuance was arbitrary, since he had a "good-faith ground," and denied him due process of law. He claimed that he suffered substantial anxiety as a result of having an arrest warrant issued against him. Mr. Herigodt contended that the Town's failure to grant him a continuance of his trial date and its issuance of a warrant for his arrest were abuses of process, done willfully with the ulterior purpose of eliciting the payment of fines by him, which he claimed entitled him to damages. Mr. Herigodt further argued that he should be awarded monetary damages against the Town for each day the wrongfully-issued warrant was in effect, and that all charges brought by the Town against him should be dismissed, with prejudice.

Thereafter, the Town filed a motion to dismiss Mr. Herigodt's *pro se* petition for judicial review as moot. The Town alleged that the municipal court had "re-assigned" Mr. Herigodt's December 19, 2017 trial date to April 24, 2018, which effectively granted his motion to continue. The Town further alleged that the municipal court recalled the warrant for his arrest, thereby mooting Mr. Herigodt's claims. The Town also filed a peremptory exception raising the objection of no cause of action on the basis of judicial immunity.[3]

The trial court held a hearing on April 2, 2018 on the Town's motion to dismiss for mootness, after which the trial court granted the Town's motion and dismissed Mr. Herigodt's *pro se* petition for judicial review as moot. The trial court signed a judgment in accordance therewith on June 1, 2018.

---

[3] Mr. Herigodt opposed the Town's objection of no cause of action. The Town filed a reply in support of its objection.

3

Mr. Herigodt filed an amended *pro se* petition for damages on May 1, 2018,[4] reiterating his claim for damages resulting from the municipal court's denial of his motion for continuance and the issuance of a warrant for his arrest. In filing his amended petition, Mr. Herigodt moved to withdraw his originally-filed petition for judicial review, stating that he could not join a "criminal appeal to a civil tort." Mr. Herigodt filed a separate appeal of the municipal court's denial of his motion to continue the trial date on his traffic citation. See **State v. Herigodt**, Docket No. 579763, Division E, Seventeenth Judicial District Court, Parish of Lafourche, State of Louisiana.[5]

Mr. Herigodt later filed a second amended *pro se* petition for injunctive relief, declaratory relief, and damages on July 31, 2019.[6] Mr. Herigodt alleged that a Town police officer arrested him and issued him three traffic citations on August 31, 2017. Mr. Herigodt alleged that when a municipal court representative telephoned him on December 18, 2017—informing him that if he did not pay a fine or appear in municipal court on his scheduled court date of December 19, 2017, a warrant for his arrest would issue—the municipal court engaged in extortion. By threatening to report him as "failing to appear" for his court date, he argued that the municipal court would obtain revenue by exploiting him through the imposition of fines that he would be forced to pay in order to avoid arrest.

Mr. Herigodt further contended that the municipal court denied him due process by failing to grant his motion for continuance since he was unavailable for trial on December 19, 2017, due to an unrelated, out-of-state custody order requiring his presence in New Mexico that same date. After refusing to continue

---

[4] The pleading was titled, "Petition for Relief Against the Town of Golden Meadow (Amended Petition)."

[5] That matter is not a part of the instant record on appeal.

[6] The pleading was titled, "Petition for Preliminary and Injunctive Relief, Declaratory Relief, Various Damages, with Incorporated Memorandum (Amended, Supplementary Verified Petition)."

4

his December 19, 2017 trial date, he alleged that the municipal court phoned him again on April 19, 2018, and asked if his rescheduled April 24, 2018 trial date could be continued because the "citing officer" was "ill" and "would likely not appear." Mr. Herigodt argued that the municipal court's "double standard" and poor communication caused him "confusion" and offered "no palpable protection from prosecutorial misconduct."

Due to the Town's actions, Mr. Herigodt claimed that he feared "sudden incarceration" and experienced anxiety that affected his right to travel; that the issuance of the arrest warrant was libelous and jeopardized his reputation and employment; and that he suffered inconvenience, monetary expenses, aggravations, and "mental anguish and moral outrage." Mr. Herigodt also contended that the municipal court denied him a right to a public trial, alleging that the municipal court excluded the "entire public" from the courtroom.

Mr. Herigodt further argued that the Town, the mayor, the clerk, the municipal court, and other officers were players in "a longstanding, unlawful, [and] improper scheme to prop-up Town finances through excessive fine enforcement," who all had strong financial interests in the outcome of municipal court hearings. He claimed that the Town's mayor—who appoints the magistrate—has a significant financial interest in the outcome of municipal court hearings since a third of the Town's revenue comes from fines, thus rendering the magistrate a partisan adjudicator.

Mr. Herigodt sought a preliminary injunction, ordering the Town and/or the municipal court to: "stop all attempts at hearings, all issuance[s] of summons and citations, all collection of fines, all reporting of violations to the [Louisiana State Office of Motor Vehicles ("OMV")]" until a full trial on the merits; increase its commercial liability coverage to protect the public; restore all fines collected through the municipal court; and pay legal interest, attorney's fees, and costs. Mr.

Herigodt also sought declaratory judgment decreeing that the Town's process of adjudicating fines through the municipal court is unconstitutional and unlawful, and that all past judgments of the municipal court are null and void *ab initio*.

In response, on August 19, 2019, the Town filed a second peremptory exception raising the objection of no cause of action on the basis that Mr. Herigodt's lawsuit was a collateral attack on his municipal court convictions and imposed fine that is barred by **Heck v. Humphrey**, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and its progeny.[7] The Town argued that as acknowledged by Mr. Herigodt in his second amended petition, the municipal court convicted him of his traffic citations and imposed a fine. The Town argued that Mr. Herigodt appealed his municipal court convictions and fine, with a hearing set for August 23, 2019. See **State v. Herigodt**, Docket No. 579763, Division E, Seventeenth Judicial District Court, Parish of Lafourche, State of Louisiana. Because the appeal of his municipal court convictions and imposed fine was pending, the Town argued that Mr. Herigodt was barred from collaterally attacking his convictions pursuant to **Heck**. Mr. Herigodt opposed the Town's exception.

Prior to a hearing on the exception, the Town filed a supplemental memorandum, attaching a judgment rendered in Mr. Herigodt's appeal of his municipal court convictions and imposed fine. The Town alleged that the trial court in that matter affirmed his convictions and held that the imposed fine was legal; that he received a fair and impartial trial; and that his right to a public trial was not violated. The Town further alleged that Mr. Herigodt did not file a notice of his intention to apply for a supervisory writ, nor did he request a return date as required by Rule 4-3 of the Uniform Rules of the Louisiana Courts of Appeal; thus,

---

[7] The Town also raised a dilatory exception of nonconformity of petition and moved to strike Mr. Herigodt's request for relief for third parties; legal citations and argument; and the request for "immediate preliminary injunction" asserted in his second amended petition. The dilatory exception and motions to strike are not at issue in this appeal.

his municipal court convictions and imposed fine were final. The Town contended that **Heck** barred the claims asserted by Mr. Herigodt in his second amended petition because those were the same claims adjudicated and rejected in the appeal of his convictions and imposed fine.

Following a hearing on February 28, 2020, on the Town's objection of no cause of action on the basis of judicial immunity and **Heck**, the trial court granted the objection and dismissed Mr. Herigodt's claims against the Town, with prejudice. The trial court held that Mr. Herigodt was barred from re-litigating the claims asserted in the appeal of his municipal court convictions and fine; that his claims were barred by the doctrine of judicial immunity because all of the actions he complained of were related to decisions made by the magistrate and/or employees of the municipal court; and that even accepted as true, the facts pled by Mr. Herigodt failed to state a cause of action that the municipal court is illegal or lacked jurisdiction to adjudicate his traffic citations. The trial court signed a judgment in accordance with its oral ruling on March 20, 2020. Mr. Herigodt now appeals.

## PEREMPTORY EXCEPTION RAISING THE
## OBJECTION OF NO CAUSE OF ACTION

As used in the context of the peremptory exception, a "cause of action" refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. **Scheffler v. Adams and Reese, LLP**, 2006-1774 (La. 2/22/07), 950 So. 2d 641, 646. The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. **Scheffler**, 950 So. 2d at 646. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the

7

issues raised by the exception, the well-pled facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Scheffler**, 950 So. 2d at 646.

Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. **Scheffler**, 950 So. 2d at 646-47. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on an exception of no cause of action is *de novo*. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. **Scheffler**, 950 So. 2d at 647. A peremptory exception raising the objection of no cause of action is a proper procedural vehicle to raise judicial immunity defenses. See, *e.g.*, **Allen v. Childress**, 2014-0879 (La. App. 1st Cir. 12/23/14), 2014 WL 7332289 (unpublished).

## HECK v. HUMPHREY
## ASSIGNMENT OF ERROR NOS. 1, 2, 3, & 4

In his first, second, and third related assignments of error, Mr. Herigodt contends that the trial court erred by relying on the judgment that affirmed his municipal court convictions and imposed fine. In his fourth assignment of error, Mr. Herigodt argues that the trial court erred in sustaining the Town's objection of no cause of action, finding that his claims are barred by **Heck**.

In **Heck**, the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a §1983 claim challenging the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or

8

called into question by federal *habeas corpus*. **Heck**, 512 U.S. at 486-87, 114 S.Ct. at 2372. **Heck** bars claims for harm caused by actions whose unlawfulness would render a conviction or sentence invalid. Thus, unless the conviction has been overturned, a plaintiff cannot bring a §1983 claim if prevailing on that claim would imply that his conviction was invalid. See **Heck**, 512 U.S. at 487, 114 S.Ct. at 2372. The **Heck** rationale, as applied to state law claims, clearly holds that civil suits are not allowed to collaterally attack previous criminal convictions. See **Williams v. Harding**, 2012-1595 (La. App. 1st Cir. 4/26/13), 117 So. 3d 187, 190-91.

Mr. Herigodt's claims regarding the fairness of the trial of his traffic citations alleged errors in the proceedings in the appeal of his municipal court convictions necessarily require him to prove the unlawfulness of his municipal court convictions and imposed fine. See **Heck**, 512 U.S. at 487, 114 S.Ct. at 2372. Since Mr. Herigodt's claims challenge the validity of his convictions and imposed fine, his allegations are the type of claim that are barred by **Heck** and its progeny. See **Arnold v. Town of Slaughter**, 100 Fed.Appx. 321, 323 (5th Cir. 2004), cert. denied, 543 U.S. 966, 125 S.Ct. 429, 160 L.Ed.2d 336 (2004). See also **Hudson v. Hughes**, 98 F.3d 868, 873 (5th Cir. 1996). Accordingly, we find no merit to Mr. Herigodt's first, second, third, and fourth assignments of error.

### JUDICIAL IMMUNITY
### ASSIGNMENT OF ERROR NOS. 1, 3, 5, & 6

In his first, third, fifth, and sixth related assignments of error, Mr. Herigodt further contends that the trial court erred is sustaining the Town's no cause of action objection on the basis of judicial immunity.

The doctrine of judicial immunity developed at common law as a shield intended to protect judges from civil suits for damages for actions taken in their judicial capacity. **Palowsky v. Campbell**, 2016-1221 (La. App. 1st Cir. 4/11/18),

9

249 So. 3d 945, 954, certs. granted, 2018-1105, 2018-1115 (La. 12/3/18), 274 So. 3d 569, aff'd in part, rev'd in part, 2018-1105 (La. 6/26/19), 285 So. 3d 466, and cert. denied sub nom., **Winters v. Palowsky**, ___ U.S. ___, 140 S.Ct. 2570, 206 L.Ed.2d. 499 (2020) (reversal in part not based on the cited language). The Town is a municipality of the State of Louisiana. **Town of Golden Meadow v. Duet**, 121 So. 2d 288, 289 (La. App. 1st Cir. 1960). All of the claims raised by Mr. Herigodt in his amended and second amended petition allege conduct by a magistrate or other employee of the Town's municipal court. The doctrine of judicial immunity applies equally to city or municipal courts and their magistrate judges and employees, as it does to judges in state district and appellate courts. See, e.g., **Donley v. Reid**, 2010-1217 (La. App. 1st Cir. 12/22/10), 2010 WL 5487149, at *2 (unpublished), writ denied, 2011-0208 (La. 3/25/11), 61 So. 3d 669, and cert. denied, 565 U.S. 824, 132 S.Ct. 113, 181 L.Ed.2d 38 (2011); **Jones v. City of Hammond Police Dep't**, 633 So. 2d 674, 675 (La. App. 1st Cir. 1993), writ denied, 94-0290 (La. 3/25/94), 635 So. 2d 234.

A long line of United States Supreme Court cases acknowledges that, generally, a judge is immune from a suit for money damages. **Mireles v. Waco**, 502 U.S. 9, 9-10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) (citations omitted). Courts have consistently held that judicial immunity is an immunity from suit, not just the ultimate assessment of damages. **Mireles**, 502 U.S. at 11, 112 S.Ct. at 288. The doctrine of judicial immunity provides judges with absolute immunity from liability for acts done in their judicial capacities. **Ellis v. Louisiana Bd. of Ethics through State**, 2017-0385 (La. App. 1st Cir. 11/1/17), 233 So. 3d 722, 728.

In **Pierson v. Ray**, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court stated that judicial immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose

interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences. **Pierson**, 386 U.S. at 554, 87 S.Ct. at 1218. It is a judge's duty to decide all cases within his jurisdiction that are brought before him. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation. **Pierson**, 386 U.S. at 554, 87 S.Ct. at 1218.

There are only two circumstances under which judicial immunity may be overcome. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. **Mireles**, 502 U.S. at 11-12, 112 S.Ct. at 288. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. **Mireles**, 502 U.S. at 11, 112 S.Ct. at 288. Whether an act by a judge is a "judicial" one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. **Mireles**, 502 U.S. at 12, 112 S.Ct. at 288. See, *e.g.*, **Palowsky**, 285 So. 3d at 467 (The Louisiana Supreme Court ruled that plaintiffs' allegations regarding the district court judges' supervision and investigation of a law clerk's activities arose in the context of the judges' administrative functions in that instance, rather than in the course of their judicial or adjudicative capacities.).

After a careful review of amended petition and second amended petition, we conclude that all of the specific allegations made by Mr. Herigodt involve action and inaction by a magistrate or municipal court employee in their official capacity. Presiding over proceedings are actions uniquely within the province of a magistrate's duty to decide cases within his jurisdiction that were brought before

11

him. Likewise, Mr. Herigodt's allegation that the magistrate arbitrarily denied his motion for continuance is within the ambit of the magistrate's immunity since an omission of judicial action is likewise conduct within a judge's official capacity. Absent any factual allegations that the magistrate or a municipal court employee acted outside their judicial capacities or jurisdiction, we conclude that the trial court correctly sustained the peremptory exception raising the objection of no cause of action on the basis of judicial immunity. Accordingly, we find no merit to Mr. Herigodt's first, third, fifth, and sixth assignments of error.

## SUFFICIENCY OF FACTUAL ALLEGATIONS
## ASSIGNMENTS OF ERROR NOS. 7 & 8

In Mr. Herigodt's seventh and eighth assignments of error, he contends that the trial court erred in concluding that he failed to allege facts that would support any valid cause of action, including a claim for declaratory relief.

The facts as alleged in Mr. Herigodt's amended and second amended petitions relate specifically to his arrest for the traffic violations; the issuance of the traffic citations by the Town police; communications with the municipal court regarding his court dates and requests for and denials of continuances; and his convictions on his traffic citations and resulting fine. Specifically, in his second amended petition, Mr. Herigodt alleged—as to his request for injunctive and declaratory relief—as follows:

> The Town is horrifically underinsured.... According to independent auditors, the Town carries **only [$]500,000** dollars of insurance against torts....
>
> ***
>
> Plaintiff respectfully requests an immediate preliminary injunction to issue, ordering the Town and its court to stop all attempts at hearings, all issuances of summons and citations, all collection of fines, all reporting of violations to the OMV, until—at trial on the merits—the Town sufficiently shows it has corrected the flaws described herein and is unlikely to repeat its former

conduct.[8]

***

Plaintiff respectfully requests this Court declare the Town's existing process of adjudicating fines through its [municipal] court unconstitutional and unlawful.[9]

***

Plaintiff respectfully requests that the sum of the Town court's past judgments be declared null and void *ab initio* for vices of form...or alternatively[,] for vices of substance....

***

Plaintiff respectfully requests that the Town be ordered—or alternatively ***sternly admonished***—to increase its commercial liability coverage against risks of losses to at least ten million dollars to protect the public against irreparable harm....

***

Plaintiff respectfully requests—after hearing the merits—that this Court issue a permanent injunction forever forbidding the Town and its court from all attempts at hearings, all issuance[s] of summons and citations, all collection of fines, all reporting of violations to the OMV, until the Town adequately shows it has corrected the flaws described herein and is unlikely to

---

[8] In his second amended petition, Mr. Herigodt asserted a class action:

> I am not currently a member of the Louisiana bar. I am therefore unable to represent the interests of co-plaintiffs who suffered similar deprivations and damages. Upon this Court's granting my request for preliminary injunctive relief, declaratory relief—or both—I will seek counsel adequate to the task of representing co-parties in joinder or class action. The public deserves the best representation available.

However, because we find herein that Mr. Herigodt has no cause of action as to his asserted claims for injunctive and declaratory relief, his request for a class action is moot.

[9] Mr. Herigodt challenges the constitutionality of the constitutional and statutory provisions providing for the incorporation of the Town. The record reveals, however, that the attorney general was not given proper notice and opportunity to participate in these proceedings, as required by La. C.C.P. art. 1880, which provides:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.

repeat its former conduct.

\*\*\*

> After obtaining counsel, Plaintiff respectfully requests that the Town be ordered to restore all fines it has collected through its [municipal] court to the rightful owners....

\*\*\*

> After obtaining counsel, Plaintiff respectfully requests the Town be ordered to fully and fairly compensate all parties it has injured....

Mr. Herigodt's claims that he is entitled to injunctive and declaratory relief related to his arguments that the Town, major, clerk, magistrate, and the municipal court are engaged in a scheme to increase the Town's revenues are conclusory allegations that cannot be considered in determining whether there are sufficient facts to support a cause of action. See **Scheffler**, 950 So. 2d at 646-47.

Furthermore, Mr. Herigodt's allegations that challenge the Town's municipal court and its process of adjudicating fines are an attempt to declare the Town and its government unconstitutional. However, the Constitution of the State of Louisiana of 1974, as well as the Louisiana Revised Statutes, provide for the incorporation of municipalities, cities, towns, or villages. See La. Const. art. VI, § 2 and La. R.S. 33:1-7. Municipalities are creatures of the Legislature and possess only those powers granted to them by the state. La. Const. art. VI, § 2; **Kel-Kan Inv. Corp. v. Vill. of Greenwood**, 428 So. 2d 401, 405 (La. 1983). Mr. Herigodt has not alleged facts sufficient to show the unconstitutionality of the Town or its municipal court. Mr. Herigodt's allegations are another attempt to collaterally attack his municipal convictions and imposed fines.

Based on the foregoing, we find that Mr. Herigodt has cited no facts to show his entitlement to the relief requested. Accordingly, we find no merit to Mr. Herigodt's seventh and eighth assignments of error.

## DISMISSAL, COSTS, AND AMENDMENT OF PETITION
## ASSIGNMENT OF ERROR NO. 9

In his final assignment of error, Mr. Herigodt contends that the trial court erred in dismissing his suit, with prejudice. A trial judge is vested with great discretion in dismissing a lawsuit with or without prejudice. **Quality Envtl. Processes, Inc. v. IP Petroleum Co., Inc.**, 2016-0230 (La. App. 1st Cir. 4/12/17), 219 So. 3d 349, 379, writ denied, 2017-00915 (La. 10/9/17), 227 So. 3d 833. We find no abuse of the trial court's discretion in dismissing Mr. Herigodt's claims against the Town with prejudice.

Mr. Herigodt also contends that the trial court erred in forbidding him to amend his petition to allege facts to support a cause of action. In the March 20, 2020 judgment, the trial court decreed: "**IT IS FURTHER ORDERED** that Plaintiff is not allowed to amend because the grounds for the objection cannot be removed and an amendment would be a vain and useless act."

If a petition fails to state a cause of action, and the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. However, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow the pleadings to be amended. See La. C.C.P. art. 934; **Byers v. Edmondson**, 97-0831 (La. App. 1st Cir. 5/15/98), 712 So. 2d 681, 686, writ denied, 98-1596 (La. 10/9/98), 726 So. 2d 29, and cert. denied sub nom., **Time Warner Entm't Co., L.P. v. Byers**, 526 U.S. 1005, 119 S.Ct. 1143, 143 L.Ed.2d 210 (1999). The decision to allow amendment is within the sound discretion of the trial court. **Byers**, 712 So. 2d at 686.

In sustaining the Town's no cause of action objection, the trial court stated:

> I'm satisfied that this litigation – it goes back to 2018 – is nothing but a churning of pleadings by Mr. Herigodt. And any cause of action that he seeks relating to the improper criminal prosecution both – on one hand is immune from civil litigation under the [**Heck**] case. And there's no basis for it as he has shown on the four corners

15

of his pleadings, and there are no factual allegations that he can raise which defeat the claim of judicial immunity.

Again, it's also – I have to say it correctly. It's not duplicitous but it's duplicative of previous petitions that he's filed of the same nature against Golden Meadow, and I'll dismiss it on that grounds [*sic*] as well.

Based on our review of the record, the pleadings, and the trial court's reasons for disallowing Mr. Herigodt from amending his petitions, we find no abuse of the trial court's discretion.

Finally, Mr. Herigodt contends that the trial court erred by taxing him with costs of the trial court proceedings. In the March 20, 2020 judgment, the trial court assessed all costs of the proceedings against Mr. Herigodt. The record demonstrates that on February 26, 2018, the trial court signed an order granting Mr. Herigodt's request to proceed *in forma pauperis*, to "prosecute or defend this litigation in accordance with Louisiana Code of Civil Procedure, Article 5181, without paying the costs in advance or as they accrue or furnishing security therefor."

Generally, La. C.C.P. art. 1920 provides that "[u]nless the judgment provides otherwise, costs shall be paid by the party cast," and that the trial court "may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Upon review, a trial court's assessment of costs can be reversed only upon a showing of an abuse of discretion. **Morrison v. Gonzalez,** 602 So. 2d 1104, 1107 (La. App. 1st Cir. 1992).

Under La. C.C.P. arts. 5181-5188, however, an indigent litigant who is granted the privilege of proceeding *in forma pauperis* is relieved of paying court costs in advance or as they accrue or furnishing security therefor. Under these articles, the trial judge has both the authority and duty to subject *forma pauperis* orders to continuing scrutiny to prevent abuse. **City Stores Co. v. Petersen,** 268 So. 2d 662, 663 (La. 1972). An indigent litigant may be held liable for costs if the

judgment is rendered and assesses costs against the indigent litigant, as occurred in the instant matter. See La. C.C.P. art. 5188; **Smith v. Smith**, 543 So. 2d 608, 608 (La. App. 2nd Cir. 1989). That process is provided for in La. C.C.P. art. 5186:

> **An account shall be kept of all costs incurred by a party who has been permitted to litigate without the payment of costs, by the public officers to whom these costs would be payable.** If judgment is rendered in favor of the indigent party, the party against whom the judgment is rendered shall be condemned to pay all costs due such officers, who have a privilege on the judgment superior to the rights of the indigent party or his attorney. **If judgment is rendered against the indigent plaintiff and he is condemned to pay court costs, an affidavit of the account by an officer to whom costs are due, recorded in the mortgage records, shall have the effect of a judgment for the payment due.**

(Emphasis added).

The record on appeal does not contain an "affidavit of the account" that has been prepared by the Clerk of Court Office's and recorded in the mortgage records showing "all costs incurred" by Mr. Herigodt, who was permitted to proceed *in forma pauperis* by the trial court. Once sworn to and recorded in the mortgage records, that affidavit shall have the effect of a judgment for the payment due. See La. C.C.P. art. 5186. Based on the foregoing, we find no error in the trial court's discretion to cast the costs of the trial court proceedings to Mr. Herigodt. Accordingly, we find no merit to Mr. Herigodt's ninth assignment of error.

## DECREE

We affirm the trial court's March 20, 2020 judgment. Although the plaintiff/appellant, Sean Herigodt, prosecuted this appeal *in forma pauperis*, costs may nevertheless be taxed against him. See La.C.C.P. art. 5188; **State in Interest of EG**, 95-0018 (La. App. 1st Cir. 6/23/95), 657 So. 2d 1094, 1098, writ denied, 95-1865 (La. 9/1/95), 658 So. 2d 1263. Accordingly, all costs of this appeal, in the amount of $1,459.50, are assessed against the plaintiff/appellant, Sean Herigodt.

**AFFIRMED.**